THE CITIZENS BLDG. & LOAN CO. OF UHRICHSVILLE, AP-PELLEE, *v.* MERION, SUPT. OF BLDG. & LOAN ASSNS., APPELLANT.

THE CITIZENS SAVINGS & LOAN CO. OF DENNISON, AP-PELLEE, *v.* MERION, SUPT. OF BLDG. & LOAN ASSNS., APPELLANT.

(Nos. 688 and 693—Decided April 19, 1941.)

*Mr. Morris Lopper, Messrs. Crabbe, Garek & Sill-man* and *Mr. J. R. Hill,* for appellees.

*Mr. Thomas J. Herbert,* attorney general, and *Mr. D. C. VanBuren,* for appellant.

SHERICK, J. In both of these causes the respective plaintiffs sought the approval of the Superintendent of Building and Loan Associations to a plan for re-

organization. The superintendent in both instances withheld his approval and refused his sanction thereof. Whereupon plaintiffs, by virtue of Section 693-1, General Code, appealed therefrom to the Court of Common Pleas. That court held contrary to the decision of the superintendent, and approved the reorganization plans. From these judgments, the superintendent appeals.

Plaintiffs now move that the appeals be dismissed for the reason that the judgment of the Common Pleas Court is final, and that this court is without jurisdiction of the subject-matter and has no right to review the conclusion reached by the Court of Common Pleas. The last paragraph of Section 693-1, General Code (115 Ohio Laws, pt. 2, 388), reads as follows:

"An association whose plan of reorganization is disapproved by the superintendent may within thirty days thereafter file in the Common Pleas Court of Franklin county, or in the county wherein the association in question has its principal place of business, a petition against the superintendent officially, as defendant, alleging the facts upon which it relies for a reversal of the action of the superintendent and praying for a reversal thereof. *The action of such court under this section shall be final.*" (Italics ours.)

The plaintiffs' reason that these controversies are not in the nature of adversary proceedings, but are strictly the exercising of supervisory jurisdiction by the Common Pleas Court over the decisions of the superintendent as an administrative officer, and that the Court of Common Pleas in such a case occupies the same position as the Director of Commerce would have occupied, had that official been named as the one to whom appeals might be had from the superintendent's decision.

Had the statute directed that such appeals were to

be made to an administrative officer, and his decision to be final, we would readily agree that this court lacked jurisdiction in such cases. But the Legislature in its wisdom, or lack of understanding, as the case may be, saw fit to prescribe that such appeals might be perfected to a court of record, the Court of Common Pleas, which might reverse the superintendent's order and interpose its judgment. The fact is that the Legislature prescribed that the administrative officer's decision was subject to review by a judicial tribunal. It is evident that the Legislature, in providing that "the action of such court under this section shall be final," lost sight of the provisions of Section 6, Article IV of the Constitution, which establishes the jurisdiction of this court. It provides:

"The Courts of Appeals shall have original jurisdiction in *quo warranto,* mandamus, *habeas corpus,* prohibition and *procedendo,* and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the Courts of Common Pleas, Superior Courts and other courts of record within the district as may be provided by law."

It has frequently been announced by the Supreme Court that Courts of Common Pleas are creatures of statute, and statutes prescribe and limit their jurisdiction. On the other hand, it has been frequently held that Courts of Appeals are constitutional courts whose jurisdiction is fixed by constitutional provisions; and that the Legislature cannot by statute enlarge or restrict their jurisdiction. When the Legislature attempted by the last sentence of Section 693-1, General Code, to import finality to Common Pleas Court judgments in this instance, it transgressed against the constitutional mandate.

Our attention is directed to *State, ex rel. Merion, Supt.,* v. *Court of Common Pleas of Tuscarawas*

*County,* 137 Ohio St., 273, 28 N. E. (2d), 641, wherein the defendant herein sought a writ of prohibition against the Common Pleas Court from entertaining jurisdiction of these proceedings on appeal from the superintendent to it. The writ was denied, as it clearly should have been, because a statute gave that court jurisdiction in review. The judgments herein complained of had not then been entered, hence the Supreme Court was not called upon and could not determine whether those judgments thereafter to be entered were final and conclusive between the plaintiffs and the superintendent. True the court said:

"If Section 693-1, General Code, confers broad jurisdiction upon the Court of Common Pleas and unwisely makes its determination a finality, that is a fault chargeable to the General Assembly which enacted the legislation."

Surely this is not a declaration in effect that the judgment of the Common Pleas Court is final. It appeals to us that the comment was only injected to answer argument of counsel unseasonably made.

In *State, ex rel. The Medical Centre Co.,* v. *Wallace, Clerk of Court of Appeals,* 107 Ohio St., 557, 140 N. E., 305, Section 1579-36, General Code, which provided that an appeal from the Cleveland Municipal Court to the Court of Appeals might not be perfected without first having procured leave of the appellate court, was under review. It was held, that that portion of the section which purported to act as a restriction or limitation upon the jurisdiction of the Court of Appeals was unconstitutional and void, because it contravened the constitutional provision herein quoted. The last sentence of Section 693-1, General Code, is even more objectionable. It not only restricts but is an attempt to completely stifle the jurisdiction of this court as fixed by the people.

Plaintiffs say that these are not adversary proceedings but are merely supervisory of an administrative officer's acts. Might not the same be said of the orders of the Industrial Commission? It is an administrative board. If it assumes jurisdiction in a compensation case, courts may not intervene. But if it denies a claimant compensation on jurisdictional grounds, he may by statute appeal his cause to a Court of Common Pleas, the judgment of which in turn is reviewable by a Court of Appeals. If plaintiffs' arguments are sound, then in industrial cases, Courts of Appeals are without jurisdiction to review the judgments of Courts of Common Pleas if they are only in such cases an instrumentality of an administrative board and not judicial tribunals.

It is our judgment that the last sentence of Section 693-1, General Code (115 Ohio Laws, pt. 2, 388), is of no force and effect. It is repugnant to Section 6, Article IV of the Constitution, and is unconstitutional. The motions to dismiss the appeals for want of jurisdiction are overruled.

*Motions overruled.*

LEMERT, P. J., and MONTGOMERY, J., concur.