**MAYOR, n.k.a. Bernet, Appellee,**

v.

**MAYOR, Appellant.**

[Cite as *Mayor v. Mayor* (1991), 71 Ohio App.3d 789.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58281.

Decided April 8, 1991.

*Carl A. Murway*, for appellee.

*Jack W. Abel*, for appellant.

PATRICIA A. BLACKMON, Judge.

This is an appeal of the granting of appellee's motion to dismiss of June 26, 1989. It also alleges error in the trial court's dismissal of the appellant's post-decree motions of May 26, 1989 and July 6, 1989.

While we affirm the decision of the trial court to dismiss the cases because of more appropriate jurisdiction in Illinois, we do so with some observations derived from a thorough analysis of R.C. 3109.21 to 3109.37, Ohio's Codified Uniform Child Custody Jurisdiction Act ("UCCJA").

This case presents a set of circumstances that the adaptation of the UCCJA was designed to hopefully ameliorate. On January 2, 1986, a divorce order gave custody of the parties' minor child to Theresa M. Mayor. The court of common pleas did, however, award specific and liberal visitation to the appellant-father, Richard R. Mayor.

The trial court record is riddled with allegations of both parties' failure to comply with the terms and conditions of the specific and liberal visitation criteria. Absent findings of fact and conclusions of law by the trial court, it is very difficult to discern what is indeed factually accurate with respect to the parties' non-compliance and entitlement to legal remedies. Nevertheless, it appears to this court that the appellee-mother, Theresa M. Bernet, has relocated with the minor child twice after the original divorce decree in 1986. It further appears to this court that appellant has made good faith efforts to maintain visitation with his daughter. For purposes of this appeal, these are some of the salient and only facts that can be clearly ascertained from the record.

From a procedural point of view, it appears that the parties were forced to renegotiate terms and conditions of visitation in 1987. This agreement was apparently incorporated into an order in September 1987, issued by the Cuyahoga County Court of Common Pleas. After this order, appellee remarried and moved to Danville, Illinois, where she now resides.

Since appellee's last move to Illinois, a litany of motions have been filed back and forth. These motions have been filed in the Domestic Relations Division of the Cuyahoga County Court of Common Pleas and in the Circuit Court for the Fifth Judicial Circuit of Danville, Vermilion County, Illinois.

The essence of the cross-motions is a modification of visitation, support, custody, and show cause. On July 17, 1989, and after some discussions with the Illinois court, the trial judge of the Cuyahoga County Common Pleas Court dismissed all pending motions of the appellant for lack of jurisdiction. This was done without an evidentiary hearing or written findings of fact and conclusions of law.

This appeal followed alleging four assignments of error. The first assignment of error is that the Cuyahoga County Court of Common Pleas had proper jurisdiction over this cause in accordance with the UCCJA and Civ.R. 75(I). The second is that appellee consented to the jurisdiction of the Cuyahoga County Court of Common Pleas. Third, the UCCJA did not divest the Ohio court of jurisdiction in this cause. The fourth assignment of error is that the dismissal, without a hearing as to evidentiary facts surrounding jurisdiction, was improper.

These assigned errors can all be discussed within the confines of the sole issue in this case. It is this approach that this court will take. The exclusive issue in this case is:

*"Whether Illinois or Ohio has jurisdiction of this case and its subject matter and how is jurisdiction determined in harmony with the Uniform Child Custody Jurisdiction Act, which is adopted in both states."*

█ Because the essence of this dispute is over modifications of custody and visitation, the UCCJA does apply to these proceedings. Custody determinations are defined in R.C. 3109.21(B) to include visitation rights.

*"I. The Cuyahoga County Court of Common Pleas had proper jurisdiction over this cause in accordance with the UCCJA and Rule 75 of the Ohio Rules of Civil Procedure."*

█ It is indeed correct that the provisions of Civ.R. 75(I) invoke continuing jurisdiction. Civ.R. 75(I) delineates the procedural requisites to invoke continuing jurisdiction. We agree with the appellee's assertion that Civ.R. 75(I) does not create exclusive jurisdiction in Ohio over post-decree divorce matters when one or both parties have become residents of another state. In addition, we also agree with the appellee that Civ.R. 75(I) does not undermine the UCCJA and give Ohio unilateral jurisdiction in situations of jurisdictional conflict.

█ Therefore, the UCCJA is the law upon which the decision in the instant case must be based.[1] We make this statement consistent with one of the express purposes of the UCCJA as stated in *In re Wonderly* (1981), 67 Ohio St.2d 178, 180, 21 O.O.3d 111, 113, 423 N.E.2d 420, 422:

" * * * to avoid jurisdictional competition and conflict with the courts of other states and assure that the state with the optimum access to the relevant facts makes the custody determination, thus protecting the best interests of the child."

The appellant's first assignment of error is overruled.

"II. *Appellee Theresa Bernet had consented to jurisdiction of this court.*"

█ The appellant's second assignment of error is not well taken for a number of reasons. It is axiomatic that if appellee's motion to dismiss was based on an opposition to jurisdiction; there was no consent to jurisdiction in Ohio. Second, appellee is correct that Civ.R. 12(G) and (H) govern waiver of the defense of improper jurisdiction. Third, counsel for the appellee filed a notice of appearance to apprise the court of where to send any additional information. This procedural mechanism does not create a waiver. Finally, this argument by appellant totally ignores the issue of convenience of the forum. Even if appellee did consent to jurisdiction, this consent does not preclude the Ohio and Illinois courts from determining which forum is most convenient for the best interest of the child.

"III. *The Ohio UCCJA did not divest the Ohio court of jurisdiction in this cause.*"

While the appellant's third assignment of error makes an accurate statement, we hold that jurisdiction is more convenient in Illinois. There is a two-pronged analysis of jurisdiction implicit in the UCCJA for a state court. The first prong is to determine whether the state has jurisdiction. The second is to determine whether the state should exercise that jurisdiction.

In Ohio, the initial prong is codified in R.C. 3109.22. Subsections (A)(1)–(4) provide four tests for the court. The first, under R.C. 3109.22(A)(1), is the home state of the child test. The court must ask if its state is the child's home at the time of the commencement of the proceedings or if its state has been the child's home within six months before the commencement of the proceedings.

---

1. The Ohio Uniform Child Custody Jurisdiction Act is codified at R.C. 3109.21 through 3109.37. The Illinois Uniform Child Custody Jurisdiction Act is codified at Illinois Rev.Stat., Chapter 40, Sections 2101–2126.

Under this test in the instant appeal, the state of Illinois does have jurisdiction to hear this matter because the child has lived in Illinois at least since April 1989.

■ The second test, under R.C. 3109.22(A)(2), is the test of substantial evidence and significant connection. The inquiry must be whether at least one of the contestants and the minor child have a significant connection to the state. The other aspect of the inquiry is whether substantial evidence is available in the state concerning the child's present or future care, protection, training, and personal relationships.

Under this second test, this court finds that jurisdiction could potentially be invoked in either Illinois or Ohio. There is no doubt that the child has a significant connection to the state of Illinois. She presently resides there and has probably developed substantial relationships. It follows, therefore, that substantial evidence about the child's care, protection, training, and personal relationships would be available in Illinois. However, the appellant in this case has demonstrated a genuine concern for the well-being of his daughter and the exercise of his visitation rights. The child, furthermore, still has a number of relatives in Ohio including grandparents. Consequently, this court believes that the child does have a significant connection to the state of Ohio. There is also substantial evidence, accessible in Ohio, with respect to the child's care, protection, training, and personal relationships.

Because the other two subsections found in R.C. 3109.22(A)(3) and (4) of an emergency condition or no other state with jurisdiction do not exist in this case, the court must move on to the question of who should exercise jurisdiction. Arguably, the prerequisites exist for both Ohio and Illinois to invoke jurisdiction.

■ In a situation where there is concurrent potential jurisdiction, the analysis must address the appropriateness of the two forums utilizing R.C. 3109.25. A court that has jurisdiction to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum. R.C. 3109.25(A).

R.C. 3109.25(C) enumerates some considerations for the court. It should be noted that the court is not limited solely to these considerations. The first is "if another state is or recently was the child's home state." This criterion would make Illinois the more appropriate or convenient forum in the instant case. Second, the court must determine "if another state has a closer connection with the child and her family or with the child and one or more of

the contestants." This criterion also would make Illinois the more convenient forum in this appeal. The third criterion of substantial evidence could be argued in favor of both Ohio and Illinois. However, there is substantial evidence in Illinois regarding the child's care, relationships, schooling, and future. The substantial evidence test, considering the fact that the other two criteria are in favor of Illinois, makes Illinois the more appropriate and convenient forum. The fourth criterion of R.C. 3109.25(C) does not apply to the instant case because these parties obviously cannot agree on a forum.

Judging convenience of the respective forums of Ohio and Illinois on the criteria of R.C. 3109.25(C)(1)–(4), Illinois is the more convenient forum for modification of the custody and visitation concerning Becky Mayor.

R.C. 3109.24(A) theoretically precludes Ohio from accepting jurisdiction when custody proceedings have been instituted in another state. The appellee filed her requests for modification of custody and visitation with the Illinois court prior to the appellant's motions being filed in Ohio.

■ Because the remainder of this statutory provision focuses on good communication between the forums, we decline to so strictly construe this provision so that it would have a chilling effect on that communication. In situations like the instant case where the pleadings have been filed within days of each other, this provision should be construed liberally and consistently with the spirit of *Squires v. Squires* (1983), 12 Ohio App.3d 138, 12 OBR 460, 468 N.E.2d 73.[2] The key is good communication between the sister state courts to determine jurisdiction consistent with the best interests of the child and convenience of the forum.

Therefore, we hold that Illinois is the more convenient forum even though the Ohio UCCJA, as appellant accurately states, did not divest the Ohio court of jurisdiction in this cause. The UCCJA does, however, necessitate the conclusion that Illinois is more convenient.

"IV. *Dismissal, without a hearing as to evidentiary facts surrounding jurisdiction, was improper.*"

Even though this court believes the better practice would have been to conduct an evidentiary hearing, we are not inclined to find error in the trial

---

**2.** Where a custody proceeding is pending in another state before this state acquires jurisdiction, in order to determine the proper forum, R.C. 3109.24 contemplates that this state's court not exercise its jurisdiction until some cooperation, exchange of information and communication has occurred between the two states. If the court of another state has already exercised jurisdiction, this state's court must forbear from exercising its jurisdiction. However, the primary focus in this inquiry is the child, and jurisdiction exists in Ohio only if in the child's best interest, *Squires v. Squires,* 12 Ohio App.3d 138, 12 OBR 460, 468 N.E.2d 73.

court's failure to conduct a hearing in this case. Consequently, appellant's fourth assignment of error is overruled. The reason is that an evidentiary hearing in this matter would in all likelihood have lead to the conclusion that Illinois is the more convenient forum.

The trial court should have issued findings of fact and conclusions of law to reveal some analysis of how it arrived at the decision to dismiss the motions for lack of jurisdiction. Absent some affidavits throughout the lower court record, this court had a difficult time discerning the facts. An evidentiary hearing would have created a substantial factual record that could have been forwarded to the Illinois court to assist it in reaching decisions about jurisdiction and modification of the existing visitation and custody rights.

We, therefore, hold that Civ.R. 75(I) is a procedural mechanism to invoke continuing jurisdiction. It does not in any way substantively supersede the UCCJA or create exclusive jurisdiction in the state of Ohio. The UCCJA, as codified in R.C. 3109.21 through 3109.37, contains the rules on determining jurisdiction and governs post-decree custody and visitation modifications. The first step is to determine if one of the four criteria of R.C. 3109.22 is applicable; Ohio can then invoke jurisdiction. The second step must be a determination of whether that jurisdiction should be exercised. This decision is governed by R.C. 3109.25. In this case, Ohio and Illinois arguably could invoke jurisdiction pursuant to R.C. 3109.22. However, where there is potential concurrent jurisdiction, the respective courts must decide which forum is most convenient. It is Illinois in this case. If the Ohio court finds that another state is a more convenient forum based on the guidelines within R.C. 3109.25, it should defer to that state in a fashion that justice so requires. The Ohio court may consider a stay of proceedings to satisfy itself that its sister court has all the information and that the case is proceeding with ample consideration of all the information available within the Ohio court.

Even though we are not inclined to remand this case to the Cuyahoga County Common Pleas Court for an evidentiary hearing and findings of fact and conclusions of law, it is the opinion of this court that the more appropriate practice where there is concurrent jurisdiction would be for the Ohio court, if it handled the original divorce, to forward to its sister state court findings of fact and conclusions of law to edify the sister court. This procedure would be wholly consistent with the spirit of the UCCJA which promotes constructive and informative communication between forums.

*Judgment affirmed.*

NAHRA, P.J., and ANN MCMANAMON, J., concur.