JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error, which alleges that the trial court erred in relinquishing jurisdiction to the District Court of McCreary County, Kentucky, without holding an evidentiary hearing, is overruled. While an evidentiary hearing is preferred in determining jurisdiction under the Uniform Child Custody Jurisdiction Act, a hearing is not necessary where there is an adequately developed record upon which to decide the jurisdictional issues. See Mayor v. Mayor (1991), 71 Ohio App.3d 789,595 N.E.2d 436; In the Matter of Nath (June 12, 1997), Cuyahoga App. No. 70926, unreported.
We hold that the record contains sufficient facts for the court to have determined whether to exercise jurisdiction. In addition, the trial court's order relinquishing jurisdiction states that the court communicated with the McCreary County Court prior to determining whether to relinquish jurisdiction, in accordance with R.C. 3109.25(D). We hold, under the circumstances, that the trial court did not err in determining whether to relinquish jurisdiction without an evidentiary hearing.
The second assignment of error, alleging that the trial court erred in relinquishing jurisdiction because the parties had agreed in their separation agreement and in a later agreed entry that jurisdiction was to remain in the Hamilton County Court of Common Pleas, is overruled. R.C. 3109.25(B) provides that a finding that Ohio is an inconvenient forum may be made upon the court's own motion. An agreement by the parties that Ohio is the proper forum for their litigation does not preclude the trial court from relinquishing jurisdiction to another state if the court determines that it is in the child's best interests. See Chaunceyv. Chauncey (Dec. 1, 1994), Cuyahoga App. No. 66197, unreported.
The third assignment of error, alleging that the trial court erred in determining that Hamilton County is an inconvenient forum and in relinquishing jurisdiction to the McCreary County Court, is overruled. The determination of whether to exercise jurisdiction under the Uniform Child Custody Jurisdiction Act is within the sound discretion of the trial court. See State ex rel. Aycock v.Mowery (1989), 45 Ohio St.3d 347, 544 N.E.2d 657; Bowen v. Britton
(1993), 84 Ohio App.3d 473, 616 N.E.2d 1217; Kirby v. Nakanishi
(Dec. 20, 1995), Cuyahoga App. No. 68671, unreported. Following a review of the record, we hold that the trial court did not abuse its discretion in relinquishing jurisdiction to the McCreary County Court, because that decision was not unreasonable, arbitrary, or unconscionable. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.