OPINION
Plaintiff-appellant Gabrielle A. Pruitt appeals from the dismissal of her complaint to change residential parenting and motion for contempt. She claims that the trial court erred by failing to exercise jurisdiction over her complaint under the Uniform Child Custody Jurisdiction Act ("UCCJA"). She also argues that the trial court erred by failing to address her request that Taber be found in contempt of a previous order.
We agree with Pruitt's contentions and conclude that the juvenile court abused its discretion in declining to hold an evidentiary hearing prior to dismissing her complaint on jurisdictional grounds. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I
The parties were married on May 30, 1983. They have two children, Brandon and Angela. Brandon is now emancipated. In 1993, the Montana Eighth Judicial District Court, Cascade County, granted a divorce to defendant-appellee Mark A. Taber upon the ground that the parties' marriage was irretrievably broken. The final decree of divorce, which incorporated an agreement of the parties, provided that Taber would have primary physical custody of the children. The agreement also provided visitation for Pruitt, including six weeks of summer visitation.
In 2000, the children visited Pruitt. Brandon expressed his desire to stay with his mother. She subsequently filed a motion to register the foreign divorce decree, and establish herself as the residential parent of Brandon. Within this request, she also asked for the transfer of Brandon's personal effects. The court subsequently granted the motion.
The next summer, Angela came to visit her mother. At that time, Pruitt filed a motion to establish herself as the residential parent of Angela. In her complaint, she also requested that Taber be found in contempt of the court's prior order for failing to transfer Brandon's personal effects. Taber replied by filing a motion to dismiss the complaint for lack of subject-matter jurisdiction. He claimed that the court lacked jurisdiction. Alternatively, he contended that even if the court could exercise jurisdiction over the matter, it should decline to do so under R.C 3109.25 (inconvenient forum) or R.C. 3109.26 (effect of petitioner's improper taking or retaining of a child on court's exercise of jurisdiction).
On August 3, 2001, the court held a hearing, but it was not an evidentiary hearing. At this hearing, Pruitt asked the court to conduct an in-camera interview of the children, but the court declined. The court subsequently granted Taber's motion to dismiss, without an evidentiary hearing. From the order dismissing this cause, Pruitt appeals.
 II
Pruitt's first assignment of error is as follows:
 THE COURT COMMITTED REVERSIBLE ERROR BY DISMISSING THE PLAINTIFF'S MOTION FOR RESIDENTIAL PARENTING FOR LACK OF JURISDICTION
Taber has not favored us with an appellate brief, so this appeal must be determined solely upon Pruitt's brief and the record on appeal. The argument supporting Pruitt's first assignment of error is not clear. Pruitt appears, however, to argue that the trial court erred when it granted Taber's motion to dismiss her complaint without first holding an evidentiary hearing.
We agree, and join those appellate courts that have concluded that a trial court is required to hold an evidentiary hearing when disputed issues of fact arise affecting a trial court's subject-matter jurisdiction in child custody cases brought under R.C. 3109.21 et seq., Ohio's statutory enactment of the UCCJA. Powers v. Powers (1994),95 Ohio App.3d 352, 356, fn. 3 ("A determination on the issue of jurisdiction should only be made after a hearing on the facts relevant to provisions of the Uniform Child Custody Jurisdiction Act"); Bowen v.Britton (1993), 84 Ohio App.3d 473, 480 ("[W]e are persuaded that unlike normal subject-matter jurisdictional issues, a trial court should generally afford the parties an opportunity to have a full evidentiary hearing prior to deciding whether to assume jurisdiction under the UCCJA provisions over a motion to modify a custody decree entered in another state"); Martin v. Martin (Oct. 30, 1992), Licking App. No. 92-CA-46, unreported (internal citations omitted)("[T]he trial court erred in not holding a hearing to determine whether it should accept jurisdiction to modify the residential parent of the child");Gamble v. Tenney (July 31, 1987), Lake App. No. 11-240, unreported ("R.C. 3109.25 required that the trial court conduct a hearing on appellee's motion for change of venue, providing appellant with an opportunity to be heard on the subject motion"). But see, Mayor v. Mayor (1991), 71 Ohio App.3d 789, 795-96
("Even though this court believes the better practice would have been to conduct an evidentiary hearing, we are not inclined to find error [in the court's failure to do so]"); Lay v. Hensley-Lay (Oct. 5, 2001), Lucas App. No L-00-1399, unreported (finding no abuse of discretion in trial court's failure hold a hearing on jurisdiction grounds under UCCJA).
In the case before us, there was conflicting evidence concerning Angela's home state, for purposes of the provisions of the UCCJA affecting a trial court's proper exercise of subject-matter jurisdiction. There may have been other disputed issues of fact affecting subject-matter jurisdiction. Although Pruitt did not request an evidentiary hearing in so many words, her request that the trial court interview the children in camera is inconsistent with her having waived an evidentiary hearing.
Pruitt's first assignment of error is sustained.
 III
Pruitt's second assignment of error is as follows:
 THE COURT ABUSED ITS DISCRETION IN FAILING TO RULE ON PLAINTIFF'S MOTION FOR CONTEMPT WITHOUT COMMENT
Contained within Pruitt's complaint for modification of residential parent status was a request that the court find Taber in contempt for failing to turn over Brandon's personal effects. The court declined to address this issue because it concluded that it lacked jurisdiction over the matter. Based upon our resolution of Pruitt's first assignment of error, we, likewise, remand this issue to the trial court for further consideration. Taber may argue that this issue is now moot, Brandon having been emancipated, but we leave it to the trial court to consider any mootness argument.
Pruitt's second assignment of error is sustained.
 IV
Both of Pruitt's assignments of error having been sustained, the order of the trial court dismissing this cause of action is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
WOLFF, P.J., and GRADY, J., concur.