{¶ 18} I respectfully dissent. I believe the trial court erred by failing to hold an evidentiary hearing on the issue of jurisdiction.
 {¶ 19} This matter concerns application of the Uniform Child Custody Jurisdiction Act ("UCCJA"), which Ohio adopted and codified as R.C.3109.21, et seq.[2] The "primary `purpose of the UCCJA is to avoid jurisdictional competition and conflict with other jurisdictions and to facilitate the speedy and efficacious resolution of custody matters so that the child or children in question will not be caught in a judicial "tug of war" between different jurisdictions.'"[3]
 {¶ 20} The relevant portion of the UCCJA at issue in this matter is R.C. 3109.22, which formerly provided:
 {¶ 21} "(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 {¶ 22} "(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
 {¶ 23} "(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
 {¶ 24} "(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;
 {¶ 25} "(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction.
 {¶ 26} "(B) Except as provided in divisions (A)(3) and (4) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a parenting determination relative to the child.
 {¶ 27} "(C) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to make a parenting determination relative to the child."
 {¶ 28} R.C. 3109.22 has been repealed. As the Fourth Appellate District noted, "[o]n January 10, 2005, the Ohio General Assembly approved Sub. S.B. No. 185, Ohio's version of the Uniform Child Custody Jurisdiction and Enforcement Act (`UCCJEA'), effective April 11, 2005. Because Father filed his motions before the effective date of the UCCJEA, and the statutory scheme does not expressly state that it is to be applied retroactively, we apply the UCCJA here."[4] Therefore, since appellant's motion was filed in February 2004, the UCCJA applies to this matter.
 {¶ 29} Of the four criteria under the UCCJA that an Ohio court could use to invoke jurisdiction, only the criterion contained in division two could arguably apply to the facts of this matter. I offer no opinion as to whether appellant met the requirements for the trial court to exercise jurisdiction. Rather, I dissent because the magistrate did not conduct an evidentiary hearing on appellant's motion to determine if such criterion was applicable.
 {¶ 30} "`A court's decision regarding subject matter jurisdiction under the UCCJA should generally only be made after a plenary hearing and a full explanation of the facts essential to the decision. * * * Accordingly, we are persuaded that unlike normal subject matter jurisdictional issues, a trial court should generally afford the parties an opportunity to have a full evidentiary hearing prior to deciding whether to assume jurisdiction under the UCCJA provisions over a motion to modify a custody decree entered in another state.'"[5]
 {¶ 31} Appellee directs this court's attention to several cases that hold an evidentiary hearing is not necessarily required.[6] Some of these cases have held "that where the record contains facts sufficient to determine jurisdiction, the failure to hold an evidentiary hearing is not reversible error."[7] However, many of them acknowledge that the "better practice" is to conduct an evidentiary hearing.[8] In reviewing these cases, I believe, pursuant to this court's holding in Briese v.Briese, that an evidentiary hearing is generally required prior to determining jurisdiction under the UCCJA.[9] That being said, anexception to the general rule exists in that a decision will not be reversed if the record contains sufficient facts for the reviewing court to determine the trial court could effectively make its determination without conducting an evidentiary hearing.
 {¶ 32} In this matter, the undisputed facts were that Shannon's primary residence for the three-and-one-half years prior to appellant filing her motion was in Alabama with appellee. By definition, the fact that a child is living outside of Ohio will erode that child's connections in Ohio. Generally speaking, the longer a child is outside of Ohio, the less connections the child will have in Ohio. However, there is not a "magic number" of years at which point all connections will vanish. In this matter, the magistrate determined that four years, as a matter of law, has diminished Shannon's connections in Ohio. The magistrate made this determination without conducting an evidentiary hearing.
 {¶ 33} Appellant submitted an affidavit outlining the contacts Shannon has with Ohio. Therein, appellant states that, in addition to herself, Shannon's maternal grandmother and her maternal aunt and uncle still live in Ohio. She states Shannon remains in contact with several friends she met while attending school in Ohio. Further, appellant states that Shannon has a close relationship with a step-sister, who lives in Ohio. Finally, appellant notes that Shannon sees a close family friend during her visits to Ohio.
 {¶ 34} Appellant also pointed to the existence of evidence regarding Shannon's care, protection, and personal relationships. Appellant noted that Shannon's prior guardian ad litem had expressed an interest in continuing to work with Shannon and had knowledge of Shannon's situation. She also noted that Shannon had visited a psychologist in Ohio, who has past records concerning Shannon and could continue to evaluate Shannon, if necessary. Lastly, appellant notes in her affidavit that she has made positive changes in her life and can provide proper care for Shannon and protect her future.
 {¶ 35} In addition to the connections advanced by appellant, it is important to note the trial court exercised jurisdiction over this matter on two occasions after Shannon moved to Alabama, once in February 2001, and again in March 2002.
 {¶ 36} Appellant had the right to have a hearing to present evidence regarding the connections Shannon and she have with Ohio and the existence of evidence regarding Shannon's care, protection, training, and personal relationships that relates to Ohio. Again, it is important to remember that the law favors an evidentiary hearing to determine jurisdiction under the UCCJA.[10] In this matter, the magistrate erred by failing to conduct an evidentiary hearing, and the trial court committed plain error by adopting that decision.
 {¶ 37} The judgment of the trial court should be reversed, to allow the trial court to hold a hearing on whether it has jurisdiction over appellant's motion for change of custody.
[2] See Briese v. Briese (Apr. 12, 2002), 11th Dist. No. 2000-P-0079, 2002 Ohio App. LEXIS 1669, at *5.
[3] (Citations omitted.) In re Asente (2000), 90 Ohio St.3d 91, 102.
[4] Pearson v. Pearson, 4th Dist. No. 04CA6, 2005-Ohio-4909, at ¶ 9, fn. 1.
[5] Briese v. Briese, at *13-14, quoting Bowen v. Britton (1993),84 Ohio App.3d 473, 480.
[6] See Esaw v. Esaw, 7th Dist. No. 02 BA 6, 2003-Ohio-3485, at ¶ 20-21; Smith v. Schroeder (Dec. 12, 1997), 6th Dist. No. L-97-1235, 1997 WL 775823, at *4-5.
[7] (Citations omitted.) Esaw v. Esaw, 7th Dist. No. 02 BA 6, 2003-Ohio-3485, at ¶ 20.
[8] Smith v. Schroeder (Dec. 12, 1997), 6th Dist. No. L-97-1235, 1997 WL 775823, at *4, citing Mayor v. Mayor (1991), 71 Ohio App.3d 789,796, and In re Nath (June 12, 1997), 8th Dist. No. 70926, 1997 WL 321137.
[9] See Briese v. Briese, supra.
[10] Briese v. Briese, at *13-14, quoting Bowen v. Britton,84 Ohio App.3d at 480.