OPINION
{¶ 1} Appellants, Marcus Craig and Shirley Craig, appeal from the October 19, 2006 judgment entry of the Trumbull County Court of Common Pleas, Juvenile Division, adopting the magistrate's decision. The trial court vacated its prior grant of temporary custody to appellants and dismissed the case due to lack of jurisdiction. *Page 2 
 {¶ 2} The facts emanating from the record are as follows:[1] Hope Sprinkle, f.k.a. Hope Connor ("Sprinkle") and appellee, Grady Connor ("Connor"), are both citizens and residents of North Carolina. The parties were married on July 18, 1996, and resided together as husband and wife until February 16, 1998.[2] Two children were born during the marriage, including Shawn Ray Connor, d.o.b. May 25, 1997, and Teraysa Connor, a.k.a. Teraysa Sueann Craig ("minor child"), d.o.b. July 17, 1998. The parentage of the minor child was in question. The minor child was born in Saginaw, Michigan. Shortly after her birth, Sprinkle gave the minor child to her sister, appellant Shirley Craig, an Ohio resident, to raise as her own. Although both Sprinkle and appellee Connor reside in North Carolina, the minor child has never resided in that state. Pursuant to a June 11, 1999 order from the North Carolina court, the parties were ordered to cooperate in obtaining a blood grouping test necessary to determine whether or not appellee Connor is the biological father of the minor child. Appellee Connor never saw the minor child, and Sprinkle had no contact with her.
 {¶ 3} The parties were granted a divorce in North Carolina on May 23, 2001. According to the decree, both children were listed as being born during the marriage. The decree also referenced the fact that the children were subject to a custody case pending in North Carolina.
 {¶ 4} On July 6, 2005, appellants, uncle and aunt of the minor child, filed a complaint for custody in the Trumbull County Juvenile Court, alleging the following: the *Page 3 
minor child has been in their care and custody in Ohio since she was released from the hospital after her birth in 1998; Sprinkle has had no contact with the minor child and has not contributed financially or emotionally to the minor child in excess of one year; the minor child has strong ties with them; and it would be in the minor child's best interest if they were designated as the residential parents.
 {¶ 5} A hearing was held before the magistrate in the Trumbull County Juvenile Court on August 22, 2005. In his decision, the magistrate gave temporary custody of the minor child to appellants. Pursuant to its August 31, 2005 judgment entry, the trial court adopted the magistrate's decision.
 {¶ 6} Another hearing was held before the magistrate in the Trumbull County Juvenile Court on October 25, 2005. According to the magistrate's decision, appellants testified that Sprinkle and appellee Connor had not contacted nor supported the minor child for over one year. Sprinkle and appellee Connor did not attend the hearing, and the trial court did not receive any responses from either of them. However, on October 25, 2005, Judge Pamela Rintala ("Judge Rintala"), with the Trumbull County Juvenile Court, received a letter from Lori D. Loftis, Esq. ("Attorney Loftis"), attorney for appellee Connor.
 {¶ 7} In her letter, Attorney Loftis indicated that appellee Connor lacked the funds to hire an attorney in Ohio. She enclosed court orders from the Buncombe County, North Carolina court, to show that there is a pending custody action in that county regarding the minor child. Various North Carolina judges have entered orders as far back as 1999, for appellant Shirley Craig to produce the minor child to the Buncombe County Courthouse for genetic testing. Attorney Loftis alleged that appellant *Page 4 
Shirley Craig ignored the court orders and concealed the location of the minor child from appellee Connor for the past seven years. Attorney Loftis maintained that appellee Connor did not find out the location of the minor child until appellants filed the July 6, 2005 complaint for custody. She indicated that there currently was an order to show cause issued to address the willful disobedience of the orders of the Buncombe County Court for the production of the minor child, scheduled for November 7, 2005. Attorney Loftis stated that it was her firm's position that Ohio lacks jurisdiction in this matter. She requested that Judge Rintala contact the family court judge in Buncombe County to confer about the jurisdictional provisions of the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA").
 {¶ 8} According to his decision, the magistrate in the Trumbull County Juvenile Court indicated that after being put on notice of the North Carolina action, the issue of jurisdiction as well as appellants' actual possession of the minor child needed to be dealt with. In an attempt to address the foregoing issues, the Trumbull County Juvenile Court conferred with the court in Buncombe County, and was put on notice that the North Carolina court had not yet relinquished jurisdiction over the minor child pending the determination of paternity as previously ordered by the North Carolina court.
 {¶ 9} On November 3, 2005, the Trumbull County Juvenile Court adopted the magistrate's decision and ordered appellants to see that paternity testing was completed to ascertain whether appellee Connor is the biological father of the minor child. The Trumbull County Juvenile Court noted that because the minor child was born during the marriage, appellee Connor is rebutably presumed to be the father. Thus, the cost of the testing was to be paid by appellants. *Page 5 
 {¶ 10} On April 11, 2006, appellants filed a motion for the Trumbull County Juvenile Court to retain jurisdiction in this matter.
 {¶ 11} A hearing was held before the magistrate in the Trumbull County Juvenile Court on April 12, 2006. Present at the hearing were appellants, who were represented by counsel, and Sprinkle, who appeared pro se. In his decision, the magistrate indicated the following: appellants and Sprinkle refused to comply with the court orders from North Carolina; North Carolina was the last court of competent jurisdiction to address any issues relative to the minor child; and no information was provided regarding paternity. The magistrate stated that the juvenile court did not have jurisdiction over the minor child due to the fact that North Carolina had not relinquished jurisdiction. Thus, the magistrate indicated that the juvenile court's prior grant of temporary custody to appellants was vacated, and the case dismissed due to lack of jurisdiction.
 {¶ 12} Appellants did not file an objection to the magistrate's decision.
 {¶ 13} On May 16, 2006, the North Carolina court issued a judgment entry indicating that Sprinkle was pregnant at the time of the parties' separation and that at a hearing in North Carolina, she stated in open court that the minor child was not appellee Connor's. However, the North Carolina court noted that on January 12, 2006, paternity testing revealed that appellee Connor was in fact the minor child's biological father.
 {¶ 14} Pursuant to its October 19, 2006 judgment entry, the Trumbull County Juvenile Court adopted the magistrate's decision. The juvenile court vacated its prior grant of temporary custody of the minor child to appellants and dismissed the case due *Page 6 
to lack of jurisdiction.[3] It is from that judgment that appellants filed a timely notice of appeal and make the following assignment of error:[4]
 {¶ 15} "The trial court abused its discretion by failing to establish jurisdiction, pursuant to [R.C.] 3127.01."
 {¶ 16} We note again that appellants did not file an objection to the magistrate's April 12, 2006 decision.
 {¶ 17} Civ.R. 53(D)(3)(b)(iv) provides: "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."
 {¶ 18} "`[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where *Page 7 
error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" Diffenbacher v. Diffenbacher, 11th Dist. No. 2005-L-074, 2006-Ohio-2238, at ¶ 25, quoting Goldfuss v. Davidson
(1997), 79 Ohio St.3d 116, at the syllabus.
 {¶ 19} With that caution in mind, we will consider appellants' assignment of error.
 {¶ 20} This court stated in Durgans v. Durgans, (Feb. 9, 2001), 11th Dist. No. 2000-P-0026, 2001 Ohio App. LEXIS 492, at 7-8:
 {¶ 21} "* * * it is within the sound discretion of the trial court to assume jurisdiction in a case involving an interstate custody or visitation dispute. In re Smith (Dec. 4, 1998), 11th Dist. No. 98-A-0033, * * * 1998 Ohio App. LEXIS 5805 [at 5-6]. As a result, a reviewing court will not reverse a lower court's decision regarding its own jurisdiction absent an abuse of discretion. Smith at 6. An abuse of discretion connotes more than an error of law; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219 * * *." (Parallel citation omitted.)
 {¶ 22} Generally speaking, "the court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties." Loetz v. Loetz (1980), 63 Ohio St.2d 1, 2. However, in light of the fact that one or both of the parties may move to different states, jurisdiction may change. Both Ohio and North Carolina have adopted the UCCJEA. In Ohio, it is codified at R.C. 3127.01, et seq. The relevant section respecting the determination of jurisdiction in this matter is R.C. 3127.15, which states as follows: *Page 8 
 {¶ 23} "(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:
 {¶ 24} "(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
 {¶ 25} "(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:
 {¶ 26} "(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
 {¶ 27} "(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
 {¶ 28} "(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 3127.21 or 3127.22 of the Revised Code or a similar statute enacted by another state.
 {¶ 29} "(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section. *Page 9 
 {¶ 30} "(B) Division (A) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
 {¶ 31} "(C) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."
 {¶ 32} Determination of jurisdiction under the UCCJEA is a two-step process. Mayor v. Mayor (1991), 71 Ohio App.3d 789, 793. The first step is to determine if Ohio has jurisdiction, and the second step is to determine whether Ohio should exercise that jurisdiction. Id. The court may decline to exercise jurisdiction pursuant to R.C. 3127.15(A) if it finds that a court of another state is a more appropriate forum.
 {¶ 33} Based on the record in the case at bar, shortly after her birth in Michigan in 1998, the minor child has lived with appellants in Ohio. Thus, Ohio is the minor child's home state. R.C. 3127.01(7). As such, the Trumbull County Juvenile Court had jurisdiction to make a parenting decision. See In re Hartman (Dec. 16, 1999), 8th Dist. No. 75855, 1999 Ohio App. LEXIS 6063, at 8. However, we must look to the second part of the two-step inquiry to determine whether Ohio should have exercised its jurisdiction.
 {¶ 34} Again, according to the magistrate's October 25, 2005 decision, the Trumbull County Juvenile Court conferred with the North Carolina court on two occasions, and was put on notice that the North Carolina court would not relinquish jurisdiction over the minor child pending the determination of paternity. The courts agreed that after paternity was determined, they would discuss the matter again. On November 3, 2005, the Trumbull County Juvenile Court adopted the magistrate's *Page 10 
decision and ordered appellants to see that paternity testing was completed to ascertain whether appellee Connor is the biological father of the minor child.
 {¶ 35} Following a hearing on April 12, 2006, the Trumbull County Juvenile Court magistrate indicated that appellants and Sprinkle refused to comply with the court orders from North Carolina; North Carolina was the last court of competent jurisdiction to address any issues relative to the minor child; and no information had been provided regarding paternity.[5] The magistrate said that only after the North Carolina orders are complied with and the matters are properly addressed in North Carolina can or will the juvenile court address the matter, whether from a jurisdictional or convenient forum perspective. The magistrate stated that the juvenile court did not have jurisdiction over the minor child due to the fact that North Carolina had not relinquished jurisdiction. Thus, the magistrate indicated that the juvenile court's prior grant of temporary custody to appellants was vacated, and this case was dismissed due to lack of jurisdiction. The trial court adopted the magistrate's decision in its entirety.
 {¶ 36} Based on the foregoing, the Trumbull County Juvenile Court did not abuse its discretion by declining to exercise its jurisdiction after finding that North Carolina was the more appropriate forum due to the fact that both parents reside in North Carolina; the parties were granted a divorce in North Carolina; a custody action is pending in North Carolina; and appellee Connor lacks the funds to hire an attorney in Ohio and is financially unable to travel to and from Ohio for litigation. See In re Hartman, supra, at 12. *Page 11 
 {¶ 37} For the foregoing reasons, appellants' sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is affirmed.
CYNTHIA WESTCOTT RICE, J., concurs, DIANE V. GRENDELL, J., dissents.
[1] The facts were taken from the Buncombe County, North Carolina court's February 28, 2001 findings of fact.
[2] Marital difficulties arose between the parties, which resulted in Sprinkle filing two separate domestic violence complaints against appellee Connor in North Carolina.
[3] On November 16, 2006, appellants filed a motion for stay with the Trumbull County Juvenile Court. On November 29, 2006, the Trumbull County Juvenile Court denied their motion.
[4] Appellee Connor did not file an appellate brief. On December 11, 2006, appellants filed a motion for stay with this court, which we overruled on January 9, 2007. On January 25, 2007, appellants filed a motion for reconsideration, which we granted on February 16, 2007. Pursuant to our judgment entry, this court indicated that appellants made a prima facie showing of the need for a temporary stay in regard to the trial court's order concerning the custody of the minor child. Thus, we vacated our prior January 9, 2007 judgment entry. Under the stay order, this court stated that appellants shall retain temporary custody of the minor child until we can issue a final determination on the stay matter. We referred the matter to the magistrate for the purpose of holding an evidentiary hearing in regard to appellants' motion to stay. The magistrate conducted the required hearing on March 8, 2007. Present at the hearing were appellants and their counsel, and Sprinkle. Appellee Connor did not attend the hearing nor did any legal counsel appear in his behalf. In his March 12, 2007 decision, the magistrate determined that because the minor child had never previously had any type of relationship with appellee Connor, there was a distinct possibility that she could suffer emotional harm if she was required to move from Ohio to North Carolina and reside with him. Accordingly, the magistrate stated that it would be in the minor child's best interest if she continued to live in her present environment with appellants until the conclusion of this appeal. Thus, the magistrate recommended that appellants' motion to stay any transfer of custody be granted, and that it be ordered that the temporary stay order, as set forth in the judgment entry of February 16, 2007, be continued throughout the pendency of the instant appeal. On March 12, 2007, this court adopted the magistrate's decision. Therefore, in conformity with the magistrate's decision, this court granted appellants' motion to stay the transfer of custody.
[5] Again, paternity testing ultimately revealed that appellee Connor was in fact the minor child's biological father. *Page 1