[Cite as *In re J.E.*, 2012-Ohio-704.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97116**

# IN RE: J.E. II, ET AL.
# Minor Children

## (Appeal by Father)

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. CU 11103097, CU 11103098, and CU 11103099

**BEFORE:** Kilbane, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** February 23, 2012

**ATTORNEY FOR APPELLANT**

Phyllis Brooks
75 Public Square
Suite 600
Cleveland, Ohio 44113

**APPELLEE**

C.M., pro se
22 Goldsmith Avenue
Newark, New Jersey 07112

MARY EILEEN KILBANE, J.:

{¶1} This accelerated appeal is brought pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} In these consolidated appeals, appellant-father, Jackie E., challenges the trial court's dismissal of his application to determine custody of his children. Finding merit to the appeal, we reverse and remand.

{¶3} In February 2011, father filed an application to determine custody of his minor children, J.E., A.E., J.E. II, and filed a Uniform Child Custody Jurisdiction Enforcement Affidavit. In the affidavit, father stated that from September 2010 to February 2011, all three children lived with mother, C.M., in Newark, New Jersey. The affidavit further states that from January 2008 to September 2010, the children lived with father in Ohio. At oral argument, appellant's counsel indicated that father did not know the whereabouts of his children until February 2011. After learning they were in New Jersey, he immediately filed his custody application.

{¶4} The matter proceeded before a magistrate in April 2011. The magistrate reviewed the pleadings and dismissed the case, finding that the court lacked jurisdiction because, at the time of filing, mother and the children resided in Newark, New Jersey. Father objected to the

magistrate's decision, arguing that Ohio is the home state and the children have lived with him in Ohio for the past two years. The trial court overruled father's objections and adopted the magistrate's decision, finding that it lacks jurisdiction.

{¶5} Father now appeals, raising the following single assignment of error for review.

ASSIGNMENT OF ERROR

The trial court committed reversible error by dismissing appellant's complaint for custody on the grounds that Ohio [lacks] jurisdiction.

{¶6} In the sole assignment of error, father argues the trial court erred in dismissing his application because under R.C. 3127.15 of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), he established that Ohio is the "home state" and the children have a significant connection to Ohio.

{¶7} The determination of child custody under the UCCJEA is within the discretion of the trial court. *In re Skrha*, 98 Ohio App.3d 487, 493, 648 N.E.2d 908 (8th Dist. 1994), citing *State ex rel. Aycock v. Mowrey*, 45 Ohio St.3d 347, 544 N.E.2d 657 (1989).[1] An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶8} In *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 31, the Ohio Supreme Court noted that the UCCJEA "provides four types of initial child-custody jurisdiction: home-state jurisdiction, significant-connection jurisdiction, jurisdiction because of declination of jurisdiction, and default jurisdiction. R.C. 3127.15(A)(1) through (4)."

{¶9} R.C. 3127.15 provides in pertinent part:

---

[1]*In re Skrha* was decided under the former Uniform Child Custody Act, which was replaced by the UCCJEA in 2005. However, the language at issue in the current Act and the former Act is essentially the same.

(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:

(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

{¶10} "Home state" is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding * * *."  R.C. 3127.01(B)(7).

{¶11} "[T]his court has previously found that determination of jurisdiction [under the UCCJEA] is a two-step process.  The first step is to determine if Ohio has jurisdiction, and the second is to determine whether Ohio should exercise that jurisdiction."  *In re Skrha*, 98 Ohio App.3d at 496, 648 N.E.2d 908, citing *Mayor v. Mayor*, 71 Ohio App.3d 789, 595 N.E.2d 436 (8th Dist. 1991).  Father relies primarily on R.C. 3127.15(A)(1), arguing that jurisdiction is proper under the home-state-of-the-child determination.

{¶12} Under R.C. 3127.15(A)(1), the court must ask if its state is the child's home at the time of the commencement of the proceedings or if its state has been the child's home within six months immediately preceding the commencement of the proceedings.  The Ohio Supreme

Court has held that Ohio is the home state for the purposes of the statute so long as the six-consecutive-month period ends within six months prior to the commencement of the child custody proceeding. *Rosen*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, at ¶ 32.

**{¶13}** We agree with father that under the home-state determination, Ohio does have jurisdiction to hear the matter. Here, father did not know the whereabouts of his children until February 2011. After learning they were in New Jersey, he immediately filed his custody application.[2] At the time he filed his custody application, the minor children had lived with him in Ohio from January 2008 to September 2010. Thus, the children had lived in Ohio for at least six consecutive months, ending within the six-month period before father filed his case. *See* R.C. 3127.15(A)(1); *see also Rosen* (where the Ohio Supreme Court found that West Virginia, rather than Ohio, was the home state of the minor children because mother and minor children had only lived in Ohio for about four months and "had not lived at least six consecutive months in Ohio ending within the six-month period before [the mother] filed the case." *Id.* at ¶ 32.). As a result, we find that Ohio was the home state of the minor children at the time father commenced his case.

**{¶14}** Having determined that Ohio has home-state jurisdiction, we next determine whether Ohio should have exercised its jurisdiction. *See In re Skrha,* 98 Ohio App.3d at 496, 648 N.E.2d 908. In the instant case, the trial court decided not to exercise jurisdiction because at the time of filing, mother and the minor children resided in New Jersey. In *Mayor*, we held "[a] court that has jurisdiction to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if *it finds that it is an inconvenient forum to*

---

[2]We note that mother did not file a response to father's application at the trial court and did not file an answer brief on appeal contesting father's allegations.

*make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.*" (Emphasis added.) *Id.*, 71 Ohio App.3d at 794, 595 N.E.2d 436.

{¶15} Here, other than stating that the minor children lived with mother at the time of the filing, there is nothing in the record demonstrating that the trial court found that Ohio was an inconvenient forum. Moreover, the trial court did not explicitly find that New Jersey was the home state or a more appropriate forum. There is no evidence demonstrating that at the time of the filing Ohio was an inconvenient forum, i.e., two of the minor children were born in Ohio, mother and the minor children only resided in New Jersey for approximately five months at the time of the filing, and there is no evidence of any pleadings that would invoke the jurisdiction of a New Jersey court. *See In re Hartman,* 8th Dist. No. 75855, 1999 WL 1206581 (Dec. 16, 1999) (where this court held that the trial court did not abuse its discretion in declining to exercise jurisdiction when the trial court determined Florida to be the home-state of the child after specifically stating its reasons why Florida is the most convenient forum for the parties.) Therefore, we find the trial court abused its discretion when it declined to exercise jurisdiction, without explicitly determining that it is an inconvenient forum under the circumstances.

{¶16} Accordingly, the sole assignment of error is sustained.

{¶17} Judgment reversed and the matter remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, P.J., and COLLEEN CONWAY COONEY, J., CONCUR