Zimmerman, J.
 

 Section 693-1, General Code, authorizes the reorganization of a building and loan association, with the written consent of the Superintendent of Building and Loan Associations. It provides that “The board of directors may adopt a plan of reorganization which
 
 map
 
 include any change in its articles of incorporation,” etc. (Italics ours.) The last paragraph of such section reads:
 

 “An association whose plan of reorganization is disapproved by the superintendent may within thirty days thereafter file in the Common Pleas Court of Franklin county, or in the county wherein the association in question has its principal place of business, a petition against the superintendent officially, as defendant, alleging the facts upon which it relies for a reversal of the action of the superintendent and praying for a reversal thereof. The action of such court under this section shall be final.”
 

 In essence, the relator-superintendent contends that the plan of reorganization submitted by the Uhrichsville company is one beyond the contemplation of the pertinent statutes, and hence the Court of Common Pleas should be summarily restrained by a writ of pro
 
 *277
 
 hibition from exercising the jurisdiction conferred by the final paragraph of Section 693-1, General Code.
 

 Is this contention valid and should this court proceed to issue the writ prayed for?
 

 A perusal of the pleadings in cause No. 24649, pending in the Court of Common Pleas of Tuscarawas county as outlined in the pleadings in the present case would suggest that both questions of fact and' law are there involved. Such considerations as the soundness and feasibility of the plan offqred, whether it is for or against the best interests of the company stockholders, and whether it was disapproved in May 1938, as claimed by the superintendent, or in September of 1938, as claimed by the company, are patently questions within the jurisdiction of the Court of Common Pleas.
 

 Certain propositions are elementary. It is recognized that the writ of prohibition is extraordinary in character, the purpose of which is to prevent an inferior court or tribunal from assuming jurisdiction over a matter beyond its cognizance. Of course the writ cannot be invoked to circumvent an erroneous decision on questions within the jurisdiction of the lower court or tribunal.
 
 State, ex rel. Garrison,
 
 v.
 
 Brough,
 
 94 Ohio St., 115, 113 N. E., 683;
 
 Kelley, Judge,
 
 v.
 
 State, ex rel. Gellner,
 
 94 Ohio St., 331, 114 N. E., 255;
 
 State, ex rel. Carmody,
 
 v.
 
 Justice, Judge,
 
 114 Ohio St., 94, 150 N. E., 430.
 

 Because of its'nature, the writ of prohibition is to be used with care and caution. The right thereto must be clear, and in a doubtful or borderline case its issuance should be refused.
 
 State, ex rel. Garrison,
 
 v.
 
 Brough, supra; State, ex rel. Kriss,
 
 v.
 
 Richards et al., Judges,
 
 102 Ohio St., 455, 132 N. E., 23.
 

 Upon the pleadings in cause No. 24649 as they have been presented to us in this proceeding we are not prepared to say under the circumstances peculiar to the case that the company’s plan of reorganization clearly
 
 *278
 
 transcends the purpose and design of the law dealing with the subject of the reorganization of a building and loan association and we are therefore unwilling to deny the Court of Common Pleas the right and opportunity of exercising the jurisdiction accorded it by Section 693-1, General Code.
 

 In the case of
 
 State, ex rel. Industrial Commission,
 
 v.
 
 Holt, Judge,
 
 134 Ohio St., 25, 15 N. E. (2d), 543, this court said'in a
 
 per curiam
 
 opinion:
 

 “It was contended by the Industrial Commission that the Court of Common Pleas had no jurisdiction of the cause in question. In order to determine the question of jurisdiction that tribunal would be obliged to consider the character of the claim which might necessitate an examination of the record of the proceedings had before the Industrial Commission. It appears further that only after the consideration of several motions by the Court of Common Pleas and its rulings thereon adverse to the Industrial Commission, did the relator file the instant proceedings in prohibition. The Court of Common Pleas is competent to determine its own jurisdiction and a writ of prohibition will not issue to prevent an anticipated erroneous judgment.”
 

 It is to be noted that in cause No. 24649 the superintendent filed an answer challenging the jurisdiction of the Court of Common Pleas and also denying allegations of the petition which raised issues of fact within the jurisdiction of that Court.
 

 If upon a full hearing before the Court of Common Pleas, of Tuscarawas county it should be apparent that the plan does not constitute a true reorganization within the purview of the applicable statutes, it is to be assumed that such court will recognize its illegality and act accordingly.
 

 If Section 693-1, General Code, confers broad jurisdiction upon the Court of Common Pleas and unwisely makes its determination a finality, that is a fault
 
 *279
 
 chargeable to the General Assembly which enacted the legislation.
 

 For the reasons given, the demurrer to the reply is sustained.
 

 Demurrer sustained.
 

 Weygandt, O. J., Day, Williams, Matthias and Hart, JJ., concur.