THE STATE EX REL. CONKLE ET AL., APPELLANTS,
*v.* SADLER, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Conkle v. Sadler,*
99 Ohio St.3d 402, 2003-Ohio-4124.]

(No. 2002–2190—Submitted May 13, 2003—Decided August 20, 2003.)

**Per Curiam.**

{¶ 1} In July 2001, Applied Performance Technologies, Inc. ("APT") filed a complaint in the Franklin County Court of Common Pleas. APT claimed that appellant Eric Conkle, a former employee, had breached a noncompetition agreement. APT sought damages and injunctive relief against Conkle. Conkle retained the law firm of Ferron & Associates, L.P.A., and appellant attorney John W. Ferron to represent him in the APT lawsuit. Appellee Judge Lisa L. Sadler, then with the common pleas court,[1] was assigned to preside over the case.

{¶ 2} On July 30, 2001, upon agreement of the parties in the APT case, Judge Sadler entered a protective order. In this agreed protective order, Judge Sadler directed that "[a]ll documents containing or reflecting confidential material which are produced in discovery by any party or nonparty in this action in accordance with this Protective Order shall be used solely in connection with this judicial proceeding and shall not be used for any other purposes except as otherwise ordered by this Court." Judge Sadler further ordered that "[w]ithin sixty (60)

---

1. Judge Sadler was subsequently elected to the Court of Appeals for Franklin County.

days of the entry of the final order concluding this judicial proceeding, all confidential documents; any copies, summaries, and abstracts thereof, or notes relating thereto, shall be returned to the producing party or non-party, except as otherwise ordered by the Court." Parties retained their rights to seek modification of the protective order and to object to discovery believed to be improper. Pursuant to this agreed protective order, APT designated certain discovery depositions to be confidential.

{¶ 3} On August 15, 2001, in accordance with Civ.R. 41(A), APT voluntarily dismissed its case against Conkle.

{¶ 4} In October 2001, APT moved for a common pleas court order for Conkle and Ferron to show cause why they should not be held in contempt of the July 30, 2001 agreed protective order. APT claimed that Conkle had violated the protective order in September 2001 by sending an electronic-mail message containing quotes from two of the confidential discovery depositions. APT further contended that Ferron had violated the protective order in that same month by quoting excerpts from the depositions in a memorandum in federal district court. Conkle and Ferron opposed APT's contempt motion by arguing that because APT had voluntarily dismissed its case, the common pleas court lacked jurisdiction to consider the postdismissal motion. Conkle and Ferron then moved to dismiss further proceedings in the case based on their jurisdictional claim.

{¶ 5} In March 2002, Judge Sadler overruled the motion to dismiss. Judge Sadler reasoned that despite the voluntary dismissal of the case, the common pleas court retained jurisdiction to determine whether Conkle and Ferron were guilty of criminal contempt for violating the agreed protective order. Judge Sadler ordered that appellee Magistrate Harold Paddock of the common pleas court conduct a hearing on APT's contempt motion.

{¶ 6} Shortly thereafter, Conkle and Ferron filed a complaint in the Court of Appeals for Franklin County. They requested writs of prohibition and mandamus to prevent Judge Sadler and Magistrate Paddock from proceeding on APT's contempt motion in the underlying case. Judge Sadler and Magistrate Paddock moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

{¶ 7} In November 2002, the court of appeals granted appellees' motion and dismissed appellants' complaint for writs of prohibition and mandamus. This cause is now before the court upon Conkle's and Ferron's appeal as of right.

{¶ 8} Conkle and Ferron assert that the court of appeals erred in dismissing their prohibition[2] claim. The Civ.R. 12(B)(6) dismissal of appellants' prohibition

2. In their brief to this court, Conkle and Ferron limit their argument to their prohibition claim and do not address the court's dismissal of their mandamus claim. Therefore, dismissal of their mandamus claim is not before this court.

complaint for failure to state a claim upon which relief can be granted was justified if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in appellants' favor, it appeared beyond doubt that appellants could prove no set of facts entitling them to the requested extraordinary writ of prohibition. *State ex rel. Ragozine v. Shaker,* 96 Ohio St.3d 201, 2002-Ohio-3992, 772 N.E.2d 1192, ¶ 7. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal." *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 428–429, 751 N.E.2d 472.

{¶ 9} Conkle and Ferron assert that they are entitled to the writ because Judge Sadler and Magistrate Paddock patently and unambiguously lack jurisdiction over APT's postdismissal contempt motion. For the following reasons, appellants' assertion lacks merit.

{¶ 10} Courts may consider collateral issues like criminal contempt even after the case in which the contempt arose has been terminated. *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359; *State ex rel. Corn v. Russo* (2001), 90 Ohio St.3d 551, 556, 740 N.E.2d 265.

{¶ 11} Moreover, a protective order that on its face survives the underlying litigation continues to be effective even after the underlying case has been dismissed. See, e.g., *United Nuclear Corp. v. Cranford Ins. Co.* (C.A.10, 1990), 905 F.2d 1424, 1427 ("As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed"); *Public Citizen v. Liggett Group, Inc.* (C.A.1, 1988), 858 F.2d 775, 781–782. In rejecting appellants' claim in a federal suit that Judge Sadler's protective order expired with the dismissal of APT's underlying case, Judge Holschuh observed:

{¶ 12} "In this case, on its face, the protective order at issue survives the termination of the underlying litigation. Not only did it specifically state that confidential documents were not to be used for any purpose other than that judicial proceeding, but it also stated that all confidential material was to be returned to the producing party within sixty days after entry of a final order in that case. This language clearly imposes obligations meant to survive the termination of the action. If the parties were free to disclose confidential information upon dismissal of a case, protective orders would cease to fulfill their intended purpose which is to encourage full disclosure of all relevant information. The Franklin County Court of Common Pleas retained jurisdiction to modify the protective order and, if Plaintiffs wished to use deposition testimony subject to that order in support of their memorandum in opposition, they should have

sought modification of that order from the issuing court." *Yates v. Applied Performance Technologies, Inc.* (S.D.Ohio 2002), 205 F.R.D. 497, 501.

{¶ 13} Finally, the mere fact that APT's contempt motion was filed *after* the dismissal does not necessitate finding that the trial court patently and unambiguously lacked jurisdiction over it. The court and the parties agreed that the court would retain jurisdiction over the order's enforcement, given the specific language used. See *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 393–395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (holding that a district court retains jurisdiction to impose sanctions even after a plaintiff voluntarily dismisses the action under Fed.R.Civ. P. 41[a]).

{¶ 14} Based on the foregoing, it appears beyond doubt that Judge Sadler and Magistrate Paddock did not *patently and unambiguously* lack jurisdiction over APT's contempt motion. Consequently, we affirm the dismissal of appellants' prohibition claim. By so holding, we need not decide the jurisdictional claim, because our review is limited to whether Judge Sadler and Magistrate Paddock *patently and unambiguously* lacked jurisdiction. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 32.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Ferron & Associates, L.P.A., John W. Ferron and Elizabeth M. Strautz, for appellants.

Ron O'Brien, Franklin County Prosecuting Attorney, and Mary Jane Martin, Assistant Prosecuting Attorney, for appellees.