THE STATE EX REL. PEFFER ET AL., APPELLEES, *v.* RUSSO, JUDGE, APPELLANT.

[Cite as *State ex rel. Peffer v. Russo,*
110 Ohio St.3d 175, 2006-Ohio-4092.]

(No. 2005–2223—Submitted April 11, 2006—Decided August 23, 2006.)

———————

**Per Curiam.**

{¶ 1} This is an appeal from a judgment granting a writ of prohibition to prevent a common pleas court judge from proceeding in a case referred to a private judge for a jury trial under R.C. 2701.10 and Gov.Jud.R. VI. Because R.C. 2701.10 and Gov.Jud.R. VI require bench trials in private-judge referrals and submissions, we reverse.

{¶ 2} Appellees, Jason and Lynne Peffer, filed a medical-malpractice case against the Cleveland Clinic Foundation, K.V. Gapalakrishna, M.D., and Infectious Disease Consultants, Inc., in the Cuyahoga County Court of Common Pleas. Appellant, Judge Nancy Margaret Russo, was assigned to the case.

{¶ 3} The case was called for trial on July 13, 2005, but because Judge Russo was conducting a criminal trial, she offered to have the case assigned to a visiting judge. The parties refused but indicated that they would stipulate to have the case submitted to a private judge. Judge Russo removed the case from her docket and noted that the case remained pending for the private judge.

{¶ 4} On July 15, 2005, the parties filed an agreement to refer the case to Peggy Foley Jones, a retired judge, pursuant to R.C. 2701.10, the private-judging statute, to have Judge Jones "preside over a jury which will receive evidence." On October 3, 2005, Judge Russo vacated her previous order granting the parties' request to transfer the medical-malpractice case to a private judge based on her

conclusion that "the statute does not permit jury trials * * * and does not permit the use of public buildings, jurors, employees or facilities for private matters."

{¶ 5} On October 5, 2005, Judge Richard McMonagle, in his capacity as administrative judge of the common pleas court, issued an entry specifying that "[p]ursuant to Superintendence Rule 4(B)(1) and to court policy," the case would proceed to trial with Judge Jones. After Judge Russo advised the parties that she believed that the administrative judge could not overrule her orders, defendant Cleveland Clinic Foundation filed a notice to withdraw its request for referral of the case to a private judge. Judge Russo ordered that the case would proceed to trial before her on October 17, 2005. On October 11, 2005, Judge Russo struck the Peffers' motion to vacate the defendant's notice of withdrawal of its consent to referral and prohibited Judge Jones from proceeding in the case.

{¶ 6} On October 11, 2005, the administrative judge ordered Judge Jones to proceed and Judge Russo not to proceed:

{¶ 7} "Pursuant to the judgment entry entered 10/05/05 * * * and pursuant to a meeting held this morning, 10/11/05 with the Hon. Nancy Margaret Russo and the Hon. Peggy Foley Jones, *this court again reiterates that pursuant to Superintendence Rule 4(B)(1) this court orders that the case proceed to jury trial before retired Judge Peggy Foley Jones.* Judge Nancy Margaret Russo no longer has any jurisdiction over this matter, and has not since 07/15/05, the date of filing agreement for referral. (R.C. 2701.10) Judge Nancy Margaret Russo shall not enter any further decisions or orders on the docket of this case including any contempt orders against the parties or their attorneys for appearing before Judge Peggy Foley Jones." (Emphasis added.)

{¶ 8} Judge Russo nevertheless continued to communicate with the counsel for the parties and enter orders in the medical-malpractice case.

{¶ 9} On October 12, 2005, the Peffers filed a complaint in the Court of Appeals for Cuyahoga County for a writ of prohibition to prevent Judge Russo "from acting illegally in violation of the Orders of Administrative Judge Richard McMonagle." On October 14, 2005, Judge Russo filed a motion to dismiss the complaint. Judge Russo argued that R.C. 2701.10 does not authorize private judges to conduct jury trials or use the county's resources.

{¶ 10} On October 14, 2005, the court of appeals granted the writ of prohibition to prevent Judge Russo from proceeding in the underlying medical-malpractice case.

{¶ 11} This cause is now before the court upon Judge Russo's appeal as of right.

{¶ 12} Judge Russo asserts that the court of appeals erred in granting the writ of prohibition because the Peffers did not establish that Judge Russo's exercise of jurisdiction in the medical-malpractice case was not authorized by law.

{¶ 13} Prohibition will not issue if the relator has an adequate remedy in the ordinary course of law. *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 27. " 'In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.' " *State ex rel. Conkle v. Sadler*, 99 Ohio St.3d 402, 2003-Ohio-4124, 792 N.E.2d 1116, ¶ 8, quoting *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 428–429, 751 N.E.2d 472.

{¶ 14} The court of appeals concluded that under Sup.R. 4(B), the administrative judge was authorized to assign the case and that when he assigned the case to Judge Jones and removed Judge Russo, Judge Russo patently and unambiguously lacked jurisdiction to proceed.

{¶ 15} The court of appeals erred in so concluding for the following reasons.

{¶ 16} First, it is not clear that Sup.R. 4(B)(1) authorized the administrative judge to order Judge Russo not to proceed with the case. Under Sup.R. 4(B)(1), the administrative judge is required to "assign cases to individual judges of the court or division." Judge Jones, a retired judge, is not a judge of the Cuyahoga County Court of Common Pleas to whom the administrative judge may assign a case under the rule. In addition, under Sup.R. 36(B)(1), once a case is assigned to a particular common pleas court judge, that judge "becomes primarily responsible for the determination of every issue and proceeding in the case until its termination." See, also, Sup.R. 36(D) ("In any instance where a previously filed and dismissed case is refiled, that case shall be reassigned to the judge originally assigned by lot to hear it unless, for good cause shown, that judge is precluded from hearing the case"). The underlying case was assigned to Judge Russo pursuant to Sup.R. 36(B)(1), after it had been dismissed without prejudice by the Peffers and then refiled.

{¶ 17} Second, as we held in a related prohibition case, *State ex rel. Russo v. McDonnell*, 110 Ohio St.3d 144, 2006-Ohio-3459, 852 N.E.2d 145, paragraph one of the syllabus, jury trials are not authorized in civil actions referred to private judges under R.C. 2701.10 and Gov.Jud.R. VI. Consequently, the referral to the private judge in the medical-malpractice case, which included a provision for a jury trial, was improper and thus did not patently and unambiguously divest Judge Russo of jurisdiction to proceed.

{¶ 18} Third, the defendants in the underlying medical-malpractice case withdrew their consent to the referral to the private judge.

{¶ 19} Finally, Judge Russo is not estopped to claim that she still has jurisdiction over the medical-malpractice case, as claimed by the Peffers. The Peffers cite *Huffman v. Huffman*, Franklin App. Nos. 02AP–101 and 02AP–698, 2002-Ohio-6031, 2002 WL 31466435, in which a court of appeals held that a party who has agreed to submit a divorce case to a private judge under R.C. 2701.10 was estopped from contesting that judge's authority to conduct postdecree contempt proceedings when the party agreed to the private judge's authority, participated in the proceedings before the private judge, and waited until after the judge issued an adverse judgment against him before challenging that authority. *Huffman* is distinguishable from this case and the doctrine of estoppel is inapplicable because Judge Russo was not a party to the underlying case and that case had not yet proceeded to a jury trial when Judge Russo raised her objection.

{¶ 20} Based on the foregoing, Judge Russo did not patently and unambiguously lack jurisdiction over the medical-malpractice case. The court of appeals erred in granting the writ of prohibition. Therefore, consistent with our decision in *State ex rel. Russo v. McDonnell*, 110 Ohio St.3d 144, 2006-Ohio-3459, 852 N.E.2d 145, we reverse the judgment of the court of appeals.

Judgment reversed.

RESNICK, Acting C.J., LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., dissents for the reasons stated in his dissenting opinion in *State ex rel. Russo v. McDonnell*, 110 Ohio St.3d 144, 2006-Ohio-3459, 852 N.E.2d 145.

MOYER, C.J., not participating.

———

Kahn Kleinman, L.P.A., Robert A. Zimmerman, Michael H. Diamant, and Mark R. Jacobs, for appellant.

Becker & Mishkind Co., L.P.A., Michael F. Becker, and Lawrence F. Peskin; Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellees.