JOURNAL ENTRY AND OPINION
{¶ 1} On November 27, 2006, petitioner Sally Prentice filed a verified complaint for a writ of prohibition. In her petition, Prentice asks this court to prevent Judge Ramsey from enforcing certain orders relating to acts to be performed by Prentice and/or from exercising any further jurisdiction over Prentice since she was removed as Guardian Ad Litem (GAL). On December 20, 2006, respondent filed a motion for summary judgment to which Prentice filed a brief in opposition. For the following reasons, we grant the motion for summary judgment and deny Prentice's request for a writ of prohibition.
 {¶ 2} According to the filings, Prentice was appointed on August 25, 2000, in the case styled, In re J.S., Cuyahoga County Juvenile Court Case No. CU 00103839. J.S. is a minor child and K. H. and S. M. are the biological mother and father. On or about August 26, 2006, K.H, filed a motion to appoint legal counsel for J.S. and a motion to disqualify Prentice as the Guardian Ad Litem. After a hearing, the court granted the motions and issued a journal entry that was dated October 27, 2006.
 {¶ 3} Pursuant to the journal entry, the court found that Prentice had received notice by letter, dated October 23, 2004, that she was disqualified to serve as a GAL in the Juvenile Court because she failed to maintain the requirements of continuing education and malpractice insurance coverage. The court further stated that Prentice did not notify the court or the parties of her disqualification and failed to disclose such disqualification until three years later.
 {¶ 4} The court's order continued and stated in part:
 "* * * Now, therefore, the Court sustains the Mother's Motion to Disqualify Sally A. Prentice as the Guardian Ad Litem.
 With such disqualification and the egregious reasons therefor and to secure the protection of the best interests of the child and the sanctity of these proceedings, the Court further orders as follows:
 Not later than 4:15 p.m. on Wednesday, November 1, 2006, Sally A. Prentice and Anne D. Veneziano shall pay over to the Clerk of this Court one hundred percent (100%) of all sums either or both of them have received from, or on behalf of, the mother and the father for services rendered and expenses incurred since July 30, 2004. Sally A. Prentice and her attorney, Anne D. Veneziano, shall deliver to this Court not later than 9:00 a.m. on Thursday, November 2, 2006, a receipt issued by the Clerk of this Court for such payment, together with separate affidavits signed by Sally A. Prentice and Anne D. Veneziano that the sum so evidenced by the Clerk's receipt is in fact 100% of all sums paid to either or both of them by, or on behalf of, the mother and father since July 30, 2004 in these regards.* * *"
 {¶ 5} The court's journal entry, while dated October 27, 2006, was not journalized until November 2, 2006. Thereafter, on November 13, 2006, J.S.'s mother filed a motion for show cause when Prentice failed to comply with the court's order.
 {¶ 6} In order to be entitled to a writ of prohibition, Prentice must establish that the respondent will or is about to exercise judicial or quasi-judicial power; that the exercise of such power is unauthorized by law; and that the denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists.State ex rel. White v. Junkin, 80 Ohio St.3d 335, 1997-Ohio-0202,686 N.E.2d 267; State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. Furthermore, a writ of prohibition shall be used with great caution and shall not issue in doubtful cases. State ex rel.Merion v. Tuscarawas Cty. Court of Common Pleas (1940),137 Ohio St. 273, 28 N.E.2d 641.
 {¶ 7} With regard to the second and third elements of a prohibition action, the Ohio Supreme Court has stated that if a trial court has general subject-matter jurisdiction over a cause of action, the court has the authority to determine its own jurisdiction and an adequate remedy at law via appeal exists to challenge any adverse decision.State ex rel. Enyart v. O'Neill, 71 Ohio St.3d 655, 1994-Ohio-0594,646 N.E.2d 1110; State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37,548 N.E.2d 945.
 {¶ 8} However, the Supreme Court has also recognized an exception to this general rule. "Where an inferior court patently and unambiguously lacks jurisdiction over the cause * * * prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." State ex rel.Fogle v. Steiner, 74 Ohio St.3d 158, 1995-Ohio-278, 656 N.E.2d 1288, citing State ex rel. Lewis v. Moser, 72 Ohio St.3d 25, 28,1995-Ohio-148, 647 N.E.2d 155. Thus, if the lower court's lack of jurisdiction is patent and unambiguous, the availability of an adequate remedy at law is immaterial. State ex rel. Rogers v. McGee Brown,80 Ohio St.3d 408, 1997-Ohio-334, 686 N.E.2d 1126.
 {¶ 9} In this matter, we find that Prentice failed to demonstrate that Judge Ramsey is patently and unambiguously without jurisdiction to proceed with a contempt action. Prentice claims that since the judgment entry was not journalized until after the passing of the imposed deadlines, Ramsey is precluded from enforcing the order. While we agree that a court speaks only through its journal entries, see State v.King, 70 Ohio St.3d 158, 1994-Ohio-412, 637 N.E.2d 903, Prentice has failed to cite any authority that Ramsey is divested of jurisdiction to conduct further judicial proceedings because the subject entry was journalized after the imposed deadline.
 {¶ 10} In contempt actions, a juvenile court has the same jurisdiction as courts of common pleas. See R.C. 2151.21. Moreover, prohibition does not lie to prevent a court from exercising its jurisdiction to conduct contempt proceedings when there is an adequate remedy at law. SeeState ex rel. Cuyahoga Cty. Dept of Children and Family Services v.Ferrari (1994), 96 Ohio App.3d 660, 664 N.E.2d 837. Appeal of an order of contempt, or flaws in the finding thereof, is an adequate remedy at law and thus will prevent issuance of a writ. State ex rel. Mancino v.Campbell, 66 Ohio St.3d 217, 220, 1992-Ohio-1836, 611 N.E.2d 319. In this matter, Prentice may appeal any such finding of contempt and subsequent sentence, and file a motion for stay as provided for in the appellate rules to prevent execution of that sentence.
 {¶ 11} Accordingly, due to the existence of an adequate remedy at law, this court is precluded from issuing the writ. Relator to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
FRANK D. CELEBREZZE, JR., P.J., and PATRICIA A. BLACKMON, J., CONCUR.