**ROSEN, Relator,**

v.

**CELEBREZZE, Judge, et al., Respondents.**

[Cite as *Rosen v. Celebrezze*, 172 Ohio App.3d 478, 2007-Ohio-3771.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89090.

Decided July 24, 2007.

William T. Wuliger, for relator.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan Jr., Assistant Prosecuting Attorney, for respondent James P. Celebrezze.

Zashin & Rich, Andrew A. Zashin, Jonathan A. Rich, and Robert M. Fertel, for respondent Kathleen R. Rosen.

---

JAMES J. SWEENEY, Presiding Judge.

{¶ 1} Relator, David A. Rosen, is the defendant in *Rosen v. Rosen*, Cuyahoga County Court of Common Pleas case No. DR–309951, which has been assigned to respondent, Judge James P. Celebrezze. Respondent Kathleen R. Rosen is the plaintiff.

{¶ 2} Kathleen Rosen filed the complaint for legal separation in this case on April 6, 2006. David Rosen avers, however, that—at the time of the filing of that complaint—two of the parties' children had resided in Ohio for four months, and a third child had never resided in Ohio.

{¶ 3} Relator also avers that on April 27, 2006, he filed a petition for divorce in Monongalia County Family Court in West Virginia. In a journal entry received for filing on June 6, 2006, respondent judge found that Ohio is the more appropriate forum and retained jurisdiction over the parties and their children. This court dismissed David Rosen's appeal from the June 6, 2006 journal entry for lack of a final, appealable order.

{¶ 4} Relator avers that the Monongalia County Family Court issued a journal entry on August 9, 2006, in which that court determined that it would retain jurisdiction over the issue of custody of the children. The Circuit Court of Monongalia County denied the petition for appeal of that order and affirmed the family court judgment by order dated October 24, 2006. In case No. DR–309951,

however, respondent judge established temporary parental rights and responsibilities by entry received for filing on October 31, 2006.

{¶ 5} David Rosen argues that the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), R.C. 3127.01 et seq., defines the "home state" of the children as West Virginia.[1] As a consequence, he contends that the exercise of jurisdiction by respondent judge is unauthorized by law. Relator requests, therefore, that this court issue a writ of prohibition prohibiting respondent judge from exercising jurisdiction over the child-custody and parental-rights issues in case No. DR–309951.

{¶ 6} Each of the respondents has filed a motion to dismiss. For the reasons stated below, we grant the motions to dismiss.

{¶ 7} The criteria for the issuance of a writ of prohibition are well established. "In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268." *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 185, 718 N.E.2d 908.

{¶ 8} Courts implement these criteria by applying a two-part test. "A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. *State ex rel. E. Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63 Ohio St.3d 179 [586 N.E.2d 105]; *Dayton Metro. Hous. Auth. v. Dayton Human Relations Council* (1992), 81 Ohio App.3d 436 [611 N.E.2d 384]. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.* (1990), 55 Ohio St.3d 98 [562 N.E.2d 1383]." *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (Apr. 29, 1999), Cuyahoga App. No. 76044, 1999 WL 258240, at *3, affirmed 87 Ohio St.3d 184, 718 N.E.2d 908.

{¶ 9} Initially, we note that relator does not aver that respondent Kathleen Rosen exercises judicial power, and he does not seek any relief against her in this

---

1. "The purpose of the UCCJA [Uniform Child Custody Jurisdiction Act, the forerunner to the UCCJEA] is to avoid jurisdictional conflict and to promote cooperation between state courts in custody matters so that a decree is rendered in the state that can best decide the best interest of the child." *State ex rel. Aycock v. Mowrey* (1989), 45 Ohio St.3d 347, 349, 544 N.E.2d 657.

action in prohibition. As a consequence, we grant Kathleen Rosen's motion to dismiss.

{¶ 10} Respondent judge, however, obviously does exercise judicial power. Nevertheless, relief in prohibition is appropriate only in limited circumstances. "Prohibition will not lie unless it clearly appears that the court has no jurisdiction over the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe* (1941), 138 Ohio St. 417, 20 O.O. 544, 35 N.E.2d 571, paragraph three of the syllabus. 'The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction.' *State ex rel. Sparto v. Juvenile Court of Darke Cty.* (1950), 153 Ohio St. 64, 65, 41 O.O. 133, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas* (1940), 137 Ohio St. 273, 28 N.E.2d 641; *Reiss v. Columbus Municipal Court* (App.1956), 76 Ohio L. Abs. 141, 145 N.E.2d 447." *State ex rel. Left Fork Mining Co. v. Fuerst* (Dec. 21, 1999), Cuyahoga App. No. 77405, 1999 WL 1271754, at *2.

{¶ 11} In this action in prohibition, relator contends that the continuation of proceedings in case No. DR–309951 before respondent judge is unauthorized by law because Ohio is not the "home state" of any of the three children, as required by Ohio's version of the UCCJEA. Respondents argue, however, that respondent judge has the requisite jurisdiction to proceed with the underlying action for a legal separation and that he has the authority to determine whether the Division of Domestic Relations has the jurisdiction to hear case No. DR–309951.

{¶ 12} The parties do not dispute that respondent judge has the authority to hear an action for legal separation under R.C. 3105.011, 3105.03, and 2301.03(L), including the allocation of parental rights and responsibilities for the care of children under R.C. 3109.04 and 3105.21. Relator, however, does assert that respondent judge lacks the authority to hear case No. DR–309951 because one of his daughters has never resided in Ohio and the other two had resided in Ohio for only four months prior to the filing of case No. DR–309951. That is, he contends that Ohio is not the "home state" of any of his daughters.

{¶ 13} As used in Ohio's UCCJEA, " 'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding * * *. A period of temporary absence of any of them is counted as part of the six-month or other period." R.C. 3127.01(B)(7). Whether Ohio is the home state of the child or children is an important aspect of a court's initial determination of its jurisdiction in child custody matters. R.C. 3127.15 provides:

{¶ 14} "(A) Except as otherwise provided in section 3127.18 of the Revised Code [temporary emergency jurisdiction], a court of this state has jurisdiction to make an initial determination in a child custody proceeding only *if* one of the following applies:

{¶ 15} "(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

{¶ 16} "(2) A court of another state does not have jurisdiction under division (A)(1) of this section * * *, and both of the following are the case:

{¶ 17} "(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

{¶ 18} "(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

{¶ 19} "(3) * * *

{¶ 20} "(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section."

■ {¶ 21} In support of his argument that respondent judge is without jurisdiction to decide these matters, relator argues that the UCCJEA creates a subject-matter-jurisdiction prerequisite in order for the court to act on custody and parental-rights issues. "This court has previously found that determination of jurisdiction under the UCCJA is a two-step process. The first step is to determine if Ohio has jurisdiction, and the second step is to determine whether Ohio should exercise that jurisdiction. *Mayor v. Mayor* (1991), 71 Ohio App.3d 789 [595 N.E.2d 436]." *In re Hartman* (Dec. 16, 1999), Cuyahoga App. No. 75855, 1999 WL 1206581, at *6.

■ {¶ 22} We note, however, that *Mayor* and *Hartman* are both appeals. Initially, we note that the role of a supervisory court considering an action in prohibition is different from that of a court hearing an appeal. "[I]n this case, we do not inquire whether [respondent judge] properly assumed jurisdiction in the * * * custody suit; that issue is for an appellate court to decide. See, e.g., *In re Dissolution of Marriage of Watson* (1983), 13 Ohio App.3d 344, 347–348, 13 OBR 424, 427–428, 469 N.E.2d 876, 880–881. Instead, our review must be limited to whether [respondent judge] had the power to assume jurisdiction at all." *State ex rel. Aycock v. Mowrey* (1989), 45 Ohio St.3d 347, 351, 544 N.E.2d 657.

{¶ 23} In a June 6, 2006 judgment entry, respondent judge found that Ohio is the more appropriate forum, evidence of the children's present and future care is

likely to be found in Ohio and West Virginia is an inconvenient forum, and "plaintiff and at least two of the three minor children have significant connection with the State of Ohio and substantial evidence exists in the State of Ohio with regard to the children's care, protection, training, and personal relationships." Clearly, these findings reflect several of the various criteria in R.C. 3127.15 for a court's making the initial determination regarding jurisdiction.

{¶ 24} Our responsibility in this action, however, is not to determine whether there was error. Cf. *Bartlett v. Court of Common Pleas,* Jefferson App. No. 04 JE 28, 2004-Ohio-7217, 2004 WL 3090240, at ¶ 47. Rather, we must decide whether respondent judge is patently and unambiguously without jurisdiction to determine the custody and parental rights issues in case No. DR–309951.

{¶ 25} Relator argues that Ohio cannot be the "home state" of the two children who are now in Ohio because they resided in Ohio only four months prior to the filing of the complaint for legal separation and, therefore, did not live in Ohio "for at least six consecutive months immediately preceding" the filing of the complaint in case No. DR–309951. Yet respondent judge observes that relator's argument also requires the conclusion that West Virginia is not the "home state," because the two children lived in Ohio during at least part of the "six consecutive months immediately preceding" the filing of the complaint.

{¶ 26} This analysis demonstrates, therefore, that the appropriate court must, during the appropriate proceeding, determine whether respondent judge erred in his determination regarding the jurisdiction of the division of domestic relations to proceed in case No. DR–309951. This court had also determined that under the UCCJA, "[i]f one of the four jurisdictional prerequisites applies, the decision whether to exercise such jurisdiction is left to the discretion of the judge. *In re Nath* (June 12, 1997), Cuyahoga App. No. 70926, 1997 WL 321137, unreported; see, also, R.C. 3109.25 (allowing the court to decline jurisdiction based upon inconvenience of the forum)." *Sullivan v. Whitten* (Aug. 24, 2000), Cuyahoga App. Nos. 76075 and 76092, 2000 WL 1222005, at *13.

{¶ 27} Relator has not provided this court with any clear, controlling authority requiring the conclusion that—under the circumstances averred in the complaint in case No. DR–309951—respondent patently and unambiguously lacks jurisdiction to determine the custody and parenting issues. Compare *Barth v. Barth,* 113 Ohio St.3d 27, 2007-Ohio-973, 862 N.E.2d 496, paragraph one of the syllabus ("R.C. 3105.03 creates a strict test of residency, and to file a complaint for divorce in Ohio, a plaintiff must have been a resident of Ohio for six months immediately prior to the filing of the complaint"). The parties have not identified and this court has not been able to locate any controlling authority requiring a comparable "strict test" for R.C. 3127.15. Absent such authority, we cannot conclude that respondent judge is patently and unambiguously without jurisdiction.

{¶ 28} As indicated above, the review of the decisions of respondent judge that relator requests this court to make as part of this original action is only appropriate in the context of an appeal. "This case also shows that appeal is an adequate remedy to contest a trial court's jurisdiction when the trial court is not patently and unambiguously without jurisdiction." *State ex rel. Stifel v. Stokes,* Cuyahoga App. No. 89466, 2007-Ohio-997, at ¶ 9.

{¶ 29} We hold, therefore, that further proceedings regarding the child-custody and parental-rights issues in case No. DR–309951 are not unauthorized by law. We also hold that relator has an adequate remedy in the ordinary course of the law by way of an appeal in case No. DR–309951. As a consequence, we grant the respondents' motions to dismiss.

{¶ 30} We also conclude that the complaint in this action is defective. "The caption of a complaint in prohibition must reflect that the action is brought on relation of the state." *Davis v. Ohio State Adult Parole Auth.,* Cuyahoga App. No. 88335, 2006-Ohio-5429, 2006 WL 2977980, at ¶ 7. The complaint in this action is not brought on relation of the state.

{¶ 31} Accordingly, respondents' motions to dismiss are granted. Relator is to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Complaint dismissed.

DYKE and McMONAGLE, JJ., concur.