The STATE of Ohio ex rel. CARR

v.

McDONNELL, Judge, et al.

[Cite as *State ex rel. Carr v. McDonnell,* 184 Ohio App.3d 373, 2009-Ohio-2488.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93138.

Decided May 22, 2009.

See also, 2009 WL 348832.

The Carr Law Firm, Leonard F. Carr, and L. Bryan Carr; and Robert P. Demarco, for relator.

Kahn Kleinman and Robert A. Zimmerman, for respondent Judge Nancy McDonnell.

Benesch, Friedlander, Coplan & Aronoff and Mark D. Tucker, for respondents Judge Eileen A. Gallagher and Judge John P. O'Donnell.

LARRY A. JONES, Judge.

{¶ 1} Leonard F. Carr, the relator, has filed a complaint for a writ of prohibition, a writ of mandamus, and peremptory writs of prohibition and mandamus. Carr has named as respondents Judge Nancy McDonnell, Judge Eileen A. Gallagher, and Judge John P. O'Donnell and seeks an order from this court that (1) prohibits Judge John P. O'Donnell from exercising any jurisdiction in *Carr v. Acacia Country Club Co.*, Cuyahoga County Court of Common Pleas case No. CV–635329, and *Carr v. Acacia Country Club Co.*, Cuyahoga County Court of Common Pleas case No. CV–682363, (2) commands Judge Nancy McDonnell and/or Judge Eileen A. Gallagher to transfer Cuyahoga County Court of Common Pleas case Nos. CV–635329 and CV–682363 from the commercial docket of Judge John P. O'Donnell to the docket of Judge Nancy M. Russo, and (3) issues peremptory writs of prohibition and mandamus, since it appears beyond doubt that Carr is entitled to the requested writs of prohibition and mandamus. The respondents have filed a joint motion to dismiss, which we grant for the following reasons.

{¶ 2} The following facts are gleaned from Carr's verified complaint and attached exhibits, the respondents' joint motion to dismiss, and Carr's brief in opposition to the motion to dismiss. Carr is a shareholder of the Acacia Country

Club Company ("Acacia"). On September 11, 2006, shareholders of Acacia filed a complaint, in *Corcelli v. Acacia Country Club Co.*, Cuyahoga County Court of Common Pleas case No. CV–600980 ("*Acacia I* "), demanding the production and copying of the books and records of Acacia. *Acacia I* was assigned to the docket of Judge Nancy Margaret Russo.

{¶ 3} On September 11, 2007, Carr filed a shareholders' derivative action against Acacia and its directors, in *Carr v. Acacia Country Club Co.*, Cuyahoga County Court of Common Pleas case No. CV–635329 ("*Acacia II* "). The action, as filed in *Acacia II,* was transferred to the docket of Judge Nancy Margaret Russo and consolidated with *Acacia I.*

{¶ 4} On January 21, 2009, Carr filed a complaint, in *Carr v. Acacia Country Club Co.*, Cuyahoga County Court of Common Pleas case No. CV–682363 ("*Acacia III* "), which was grounded in the claim of breach of fiduciary duty of the directors and officers of Acacia. Carr also sought the appointment of a receiver. *Acacia III* was assigned to the docket of Judge Nancy Margaret Russo.

{¶ 5} On March 11, 2009, four defendants in *Acacia III* filed a motion captioned "Initial Appearance and Motion to Transfer Case to Commercial Docket." The four defendants, through the motion to transfer, requested the assignment of *Acacia III* to the commercial docket of the Cuyahoga County Court of Common Pleas, a pilot program established by the Supreme Court of Ohio through Temporary Rules 1.01 through 1.11 of the Rules of Superintendence for the Courts of Ohio. The motion to transfer *Acacia III* to the commercial docket was denied on March 12, 2009. On March 13, 2009, an appeal was taken to the administrative judge of the Cuyahoga County Court of Common Pleas with regard to the denial of the motion to transfer *Acacia III* to the commercial docket. Judge Nancy McDonnell, the administrative judge, recused herself from hearing the appeal. On March 19, 2009, Judge Eileen A. Gallagher, the acting administrative judge, granted the appeal and ordered the transfer of *Acacia III* to the commercial docket. Judge John P. O'Donnell was assigned to preside over *Acacia III.*

{¶ 6} On March 23, 2009, the defendants in *Acacia II* filed a motion to transfer the case to the commercial docket. Apparently, Judge Nancy Margaret Russo denied the motion to transfer *Acacia II* to the commercial docket, since an appeal of the denial of the motion to transfer was filed with Judge Nancy McDonnell, the administrative judge, on March 26, 2009. On March 31, 2009, Judge Nancy McDonnell recused herself from hearing the appeal. On April 2, 2009, Judge Eileen A. Gallagher, the acting administrative judge, granted the appeal and ordered the transfer of *Acacia II* to the commercial docket. Judge John P. O'Donnell was assigned to preside over *Acacia II.*

{¶ 7} On April 14, 2009, Carr filed his complaint for a writ of prohibition, a writ of mandamus, and peremptory writs of prohibition and mandamus. On April 20, 2009, this court sua sponte issued an order that granted an alternative writ of prohibition and temporarily stayed all proceedings in *Acacia II* and *Acacia III*. On May 4, 2009, the respondents filed their joint motion to dismiss Carr's original action. On May 12, 2009, Carr filed his brief in opposition to the motion to dismiss.

{¶ 8} The standards for issuing a writ of prohibition are well established. The relator must demonstrate that (1) the respondent is about to exercise judicial or quasi-judicial authority, (2) the exercise of the judicial or quasi-judicial authority is not authorized by law, and (3) the denial of the writ will cause injury to the relator for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 718 N.E.2d 908; *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 686 N.E.2d 267. A writ of prohibition will not issue to prevent an erroneous judgment, to serve the purpose of an appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction. *State ex rel. Sparto v. Darke Cty. Juvenile Court* (1950), 153 Ohio St. 64, 41 O.O. 133, 90 N.E.2d 598; *Rosen v. Celebrezze,* 172 Ohio App.3d 478, 2007–Ohio–3771, 875 N.E.2d 659. Furthermore, a writ of prohibition should be used with great caution and should not issue in doubtful cases. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas* (1940), 137 Ohio St. 273, 18 O.O. 40, 28 N.E.2d 641; *State ex rel. Jones v. McGinty,* Cuyahoga App. No. 92602, 2009–Ohio–1258, 2009 WL 713087.

{¶ 9} The Supreme Court of Ohio, with regard to the second and third elements of an action in prohibition, has held that if a trial court possesses general subject-matter jurisdiction over a cause of action, the trial court possesses the authority to determine its own jurisdiction and an adequate remedy at law, by an appeal, exists to challenge an adverse decision. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 646 N.E.2d 1110; *State ex rel. Pearson v. Moore* (1990), 48 Ohio St.3d 37, 548 N.E.2d 945.

{¶ 10} The Supreme Court of Ohio, however, has also recognized an exception to this general rule. Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 656 N.E.2d 1288; *State ex rel. Lewis v. Moser* (1995), 72 Ohio St.3d 25, 647 N.E.2d 155. Thus, the availability of an adequate remedy at law is immaterial if the lower court's lack of jurisdiction is patent and unambiguous. *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 686 N.E.2d 1126.

{¶ 11} The respondents' motion to dismiss is premised upon the application of Civ.R. 12(B)(6). Dismissal of an original action pursuant to Civ.R. 12(B)(6) is mandated if after presuming the truth of all material factual allegations as presented in the relator's complaint and making all reasonable inferences in favor of the relator, it appears beyond doubt that the relator can prove no set of facts entitling the relator to the requested relief. *State ex rel. Triplett v. Ross,* 111 Ohio St.3d 231, 2006–Ohio–4705, 855 N.E.2d 1174; *State ex rel. Buck v. Maloney,* 102 Ohio St.3d 250, 2004–Ohio–2590, 809 N.E.2d 20. Applying this test, we cannot find that Carr has established that he is entitled to a writ of prohibition or a writ of mandamus. *State ex rel. Peffer v. Russo,* 110 Ohio St.3d 175, 2006–Ohio–4092, 852 N.E.2d 170; *State ex rel. Conkle v. Sadler,* 99 Ohio St.3d 402, 2003–Ohio–4124, 792 N.E.2d 1116.

{¶ 12} Carr has demonstrated that Judge John P. O'Donnell has exercised and will continue to exercise jurisdiction in *Acacia II* and *Acacia III.* Carr, however, has failed to demonstrate that Judge John P. O'Donnell is patently and unambiguously without authority to preside over *Acacia II* and *Acacia III,* through the commercial docket. Carr has also failed to demonstrate that he does not possess an adequate remedy in the ordinary course of the law.

{¶ 13} The Cuyahoga County Court of Common Pleas is a court of general jurisdiction and possesses original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive jurisdiction of county courts. R.C. 2305.01. There exists no question that *Acacia II* and *Acacia III* are civil cases in which the sum or matter in dispute exceeds the exclusive jurisdiction of any county court. As a duly elected or appointed judge of the Cuyahoga County Court of Common Pleas, Judge John P. O'Donnell possesses the authority to determine whether *Acacia II* and *Acacia III* fall within his jurisdiction, since a court having general jurisdiction of the subject matter of an action has the authority to determine its own jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas* (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365; *State ex rel. Bradford v. Trumbull Cty. Court* (1992), 64 Ohio St.3d 502, 597 N.E.2d 116; *Rolfe v. Galvin,* Cuyahoga App. No. 86471, 2006–Ohio–2457, 2006 WL 1351664.

{¶ 14} In addition, the Supreme Court of Ohio, on May 6, 2008, approved Temporary Rules 1.01 through 1.11 of the Rules of Superintendence for the Courts of Ohio, which created the commercial-docket pilot project. The commercial docket was created in order to expedite the resolution of any commercial claim that falls within the scope of Temp.Sup.R. 1.03, which includes, inter alia, the following: (1) formation, governance, dissolution, or liquidation of a business entity, (2) rights or obligations between owners, shareholders, partners or members, (3) trade secrets, nondisclosure, noncompetition, or employment agree-

ments, (4) rights, obligations, liability or indemnity of an officer, director, manager, trustee, or partner, and (5) disputes between or among two or more business entities or individuals as to business or investment activities. Clearly, the gravamen of *Acacia II* and *Acacia III,* a shareholders' derivative action and a claim of breach of a fiduciary duty, falls within the scope of Temp.Sup.R. 1.03(A).

{¶ 15} Temp.Sup.R. 1.04(B) further defines the procedure for the transfer of a civil action to the commercial docket and provides:

### (B) Transfer procedure

If the gravamen of a case filed with a pilot project court relates to any of the topics set forth in division (A) of Temporary Rule 1.03 of the Rules of Superintendence for the Courts of Ohio, the attorney filing the case shall include with the initial pleading a motion for transfer of the case to the commercial docket.

If the gravamen of the case relates to any of the topics set forth in division (A) of Temporary Rule 1.03 of the Rules of Superintendence for the Courts of Ohio, if the attorney filing the case does not file a motion for transfer of the case to the commercial docket, and if the case is assigned to a non-commercial docket judge, an attorney representing any other party shall file such a motion with that party's first responsive pleading or upon that party's initial appearance, whichever occurs first.

If the gravamen of the case relates to any of the topics set forth in division (A) of Temporary Rule 1.03 of the Rules of Superintendence for the Courts of Ohio, if no attorney representing a party in the case files a motion for transfer of the case to the commercial docket, and if the case is assigned to a non-commercial docket judge, the judge shall sua sponte request the administrative judge to transfer the case to the commercial docket.

{¶ 16} Temp.Sup.R. 1.04(C) further establishes the procedure that is to be employed if a motion to transfer to the commercial docket is denied and provides:

### (C) Ruling or decision on transfer

A non-commercial docket judge shall rule on a party's motion for transfer of a case filed under divisions (B)(1) or (2) of this rule no later than two days after the filing of the motion. A party to the case may appeal the non-commercial docket judge's decision to the administrative judge within three days of the non-commercial docket judge's decision. The administrative judge shall decide the appeal within two days of the filing of the appeal.

An administrative judge shall decide the sua sponte request of a non-commercial docket judge for transfer of a case made under division (B)(3) of this rule no later than two days after the request is made.

{¶ 17} Applying Temp.Sup.R. 1.03 and 1.04 to the facts, as presented by Carr and the respondents, can only result in the finding that the transfer of *Acacia II* and *Acacia III* to the commercial docket was required. The gravamen of *Acacia II* and *Acacia III* falls directly within the scope of the commercial docket as established by Temp.Sup.R. 1.03(A). The facts, as presented by the parties, demonstrate that *Acacia III* was transferred to the commercial docket via Temp.Sup.R. 1.04(B)(2) and the resulting appeal was brought before the acting administrative judge pursuant to Temp.Sup.R. 1.04(C) and (D).

{¶ 18} The facts, as presented by the parties, demonstrate that the transfer of *Acacia II* to the commercial docket was required by Temp.Sup.R. 1.04(B)(3), regardless of the failure of any party to file a timely request for transfer pursuant to Temp.Sup.R. 1.04(B)(1) or 1.04(B)(2).[1] Accordingly, we can only find that *Acacia II* and *Acacia III* were properly transferred to the commercial docket of the Cuyahoga County Court of Common Pleas. Once again, Carr has failed to demonstrate that Judge John P. O'Donnell is patently and unambiguously without jurisdiction to preside over *Acacia II* and *Acacia III*. Cf. *State ex rel. Brooks v. O'Malley*, 117 Ohio St.3d 385, 2008–Ohio–1118, 884 N.E.2d 42; *State ex rel. Prentice v. Ramsey*, Cuyahoga App. No. 89061, 2007-Ohio-533, 2007 WL 416943.

{¶ 19} Notwithstanding the applicability of Temp.Sup.R. 1.01 through 1.11 to the transfer of *Acacia II* and *Acacia III* to the commercial docket, we find that an additional basis exists that vests Judge John P. O'Donnell with the necessary jurisdiction to preside over *Acacia II* and *Acacia III*. Pursuant to Sup.R. 4(B) and 36, the administrative judge or acting administrative judge of the Cuyahoga County Court of Common Pleas possesses the discretionary authority to reassign any case between different judges of the Cuyahoga County Court of Common Pleas. *Cleveland v. N.E. Ohio Regional Sewer Dist.* (Sept. 14, 1989), Cuyahoga App. No. 55709, 1989 WL 107162. See also *Brickman & Sons, Inc. v. Natl. City Bank,* 106 Ohio St.3d 30, 2005–Ohio–3559, 830 N.E.2d 1151; *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 22 OBR 27, 488 N.E.2d 210. *Acacia II* and *Acacia III* were transferred to Judge John P. O'Donnell by order of the acting administrative judge, Eileen A. Gallagher. The transfer of the two cases was made pursuant to Sup.R. 4(B) and 36. Thus, once again, Judge John P. O'Donnell was

---

1. Carr argues that since the commercial docket did not exist when *Acacia II* was filed, Temp.Sup.R. 1.01 through 1.11 do not apply. Temp.Sup.R. 1.04 does not explicitly prohibit the transfer on any existing commercial case to the commercial docket. In fact, since Temp.Sup.R. 1.01 through 1.11 are procedural and not substantive in nature, they can be applied to any civil cases that exist when the temporary rules took effect. Cf. *Ackison v. Anchor Packing Co.*, 120 Ohio St.3d 228, 2008–Ohio–5243, 897 N.E.2d 1118; *Norfolk S. Ry. Co. v. Bogle,* 115 Ohio St.3d 455, 2007–Ohio–5248, 875 N.E.2d 919. See also *DiCenzo v. A–Best Prods. Co.,* 120 Ohio St.3d 149, 2008–Ohio–5327, 897 N.E.2d 132.

not patently and unambiguously without jurisdiction to preside over *Acacia II* and *Acacia III,* through the transfer of the two pending actions to the commercial docket as made pursuant to Sup.R. 4(B) and 36.

{¶ 20} Carr has also failed to establish that he possesses no other adequate remedy in the ordinary course of the law. Upon the conclusion of *Acacia II* and *Acacia III,* and the rendering of a final, appealable order as required by R.C. 2505.02, Carr possesses the right to raise the claim of improper assignment of a judge on appeal. In fact, the Supreme Court of Ohio has held that a claim of improper assignment of a judge must be raised through a direct appeal and not through prohibition or mandamus. *State ex rel. Keith v. McMonagle,* 106 Ohio St.3d 61, 2005–Ohio–3669, 831 N.E.2d 433; *State ex rel. Key v. Spicer* (2001), 91 Ohio St.3d 469, 746 N.E.2d 1119; *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. Thus, Carr has failed to establish that he is entitled to a writ of prohibition.

{¶ 21} Carr's request for a writ of mandamus is premised upon the claim that he possesses a clear legal right and that the respondents possess a clear legal duty to remove *Acacia II* and *Acacia III* from the commercial docket and return the cases to the docket of Judge Nancy Margaret Russo. Carr's request for a writ of mandamus, however, is directly related to the request for a writ of prohibition and the arguments (1) that *Acacia II* and *Acacia III* were improperly transferred to the commercial docket and (2) that Judge John P. O'Donnell patently and unambiguously lacks the necessary jurisdiction to preside over the transferred cases. Since we have found that *Acacia II* and *Acacia III* were not improperly transferred to the commercial docket and that Judge John P. O'Donnell does possess the necessary jurisdiction to preside over the two transferred cases, we can only find that Carr's request for a writ of mandamus must fail. Carr has failed to establish that he possesses any clear legal right or that the respondents possess any clear legal duty to remove *Acacia II* and *Acacia III* from the commercial docket and return the two cases to the docket of Judge Nancy Margaret Russo. R.C. 2731.01; *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914; *State ex rel. Middletown Bd. of Edn. v. Butler Cty. Budget Comm.* (1987), 31 Ohio St.3d 251, 31 OBR 455, 510 N.E.2d 383.

{¶ 22} Moreover, Carr, through his request for a writ of mandamus, actually seeks a prohibitory injunction to enjoin enforcement of Temp.Sup.R. 1.01 through 1.11. Carr further seeks a declaration that Temp.Sup.R. 1.01 through 1.11 are not applicable to *Acacia II* and *Acacia III.* The Supreme Court of Ohio has held:

{¶ 23} " 'In general, if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in manda-

mus and must be dismissed for want of jurisdiction.' " *State ex rel. Phillips v. Lorain Cty. Bd. of Elections* (2001), 93 Ohio St.3d 535, 537, 757 N.E.2d 319, quoting *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704. "[W]e must examine [relators'] complaint 'to see whether it actually seeks to prevent, rather than to compel, official action.' " *State ex rel. Cunningham v. Amer Cunningham Co., L.P.A.* (2002), 94 Ohio St.3d 323, 324, 762 N.E.2d 1012, quoting *State ex rel. Stamps v. Montgomery Cty. Automatic Data Processing Bd.* (1989), 42 Ohio St.3d 164, 166, 538 N.E.2d 105.

{¶ 24} The real objectives of Carr's mandamus claim are (1) a declaratory judgment that Temp.Sup.R. 1.01 through 1.11 are not applicable to *Acacia II* and *Acacia III* and (2) a prohibitory injunction that prevents *Acacia II* and *Acacia III* from being transferred to the commercial docket of the Cuyahoga County Court of Common Pleas. Thus, we lack jurisdiction over Carr's mandamus claim. *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections*, 115 Ohio St.3d 126, 2007–Ohio–4588, 873 N.E.2d 1251; *State ex rel. Mackey v. Blackwell*, 106 Ohio St.3d 261, 2005–Ohio–4789, 834 N.E.2d 346.

{¶ 25} Accordingly, we grant the respondents' joint motion to dismiss Carr's complaint for a writ of prohibition, a writ of mandamus, and peremptory writs of prohibition and mandamus. The order of April 20, 2009, which granted an alternative writ of prohibition with regard to further proceedings in *Acacia II* and *Acacia III*, is vacated.

Complaint dismissed.

McMONAGLE, P.J., and BOYLE, J., concur.